### 29104. FUDGE *v.* THE STATE.

DECIDED OCTOBER 8, 1941.

*James R. Venable, Frank A. Bowers, B. J. Dantone,* for plaintiff in error.

*Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye,* contra.

BROYLES, C. J. The defendant was convicted in the criminal court of Fulton County of possessing seven gallons of non-taxpaid whisky in cans and one pint of non-taxpaid whisky in a bottle. The defedant's certiorari was overruled by a judge of the superior court, and that judgment was assigned as error. The sole contention of counsel for the accused, as stated in their brief, is that the verdict was not authorized by the evidence. The trial judge, in his untraversed and unexcepted to answer, makes the following statement: "Answering the allegations of paragraph 2 [of the petition for certiorari], respondent says that the evidence adduced upon the trial of the case was substantially as set forth in paragraph 2, with the following addition and qualification: George M. Slate, a witness sworn in behalf of the State, testified that he and Mr. C. C. Harper, another city officer, went to the premises at 111 Lucy Street in the City of Atlanta, Fulton County, Georgia, to an apartment house and, in apartment No. 1 where the defendant Bessie

Fudge lives, found seven gallons of whisky in cans and one pint of whisky in a bottle, none of which had the revenue tax stamps prescribed by the State Revenue Commissioner. 'In her house we found some drinking glasses with the fresh odor of whisky in them, and on questioning the defendant she admitted that the whisky belonged to her.' " It is well settled that the untraversed and unexcepted to answer of the trial judge must be accepted as conclusive of the facts stated in the answer. *Martin* v. *State,* 43 *Ga. App.* 334 (158 S. E. 803).

The evidence authorized the finding of the trial judge, sitting without the intervention of a jury; and the overruling of the certiorari was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*