35687. PEGGY ANN OF GEORGIA, INC. *v.* SCOGGINS *et al.*

Decided June 6, 1955—Rehearing denied July 5, 1955.

*T. J. Long, Ben Weinberg,* for plaintiff in error.
*Davis & Cullens, Jefferson L. Davis,* contra.

GARDNER, P. J. █ This is the fourth appearance of this case in this court. See *Peggy Ann of Georgia, Inc.* v. *Scoggins,* 86 *Ga.*

*App.* 109 (71 S. E. 2d 89) ; s. c., 90 *Ga. App.* 18 (81 S. E. 2d 859) ; *Scoggins* v. *Peggy Ann of Georgia, Inc.,* 87 *Ga. App.* 19 (73 S. E. 2d 79), the first of the above citations containing in detail the allegations of the plaintiff's petition. Under that decision it became the law of the case (1) that the plaintiff was an invitee of the defendant, to whom the latter owed the duty of exercising ordinary care; (2) that the petition, which alleged that the Southeastern Greyhound Lines bus had defective brakes, and which failed to allege, either that (a) the defendant Peggy Ann of Georgia, Inc., accepted scotch blocks with any responsibility to use them under the busses in all events, or that (b) scotch blocks were the only means by which a bus with efficient brakes could have been kept in a firm standing position, failed to allege negligence against Peggy Ann of Georgia in the absence of the further allegation that such defendant knew the bus had defective brakes.

Following amendment striking all allegations as to defective brakes, and adding the allegations set up in (a) and (b) above, it was held in 87 *Ga. App.* 18, 22 that the petition set out a cause of action which, if proved, would authorize the jury to find "that the failure of the defendant to 'scotch' the wheels of this bus on this occasion was negligence and that this negligence was a proximate cause of the injury and death to the wife and mother of the plaintiffs." As pointed out in 90 *Ga. App.* 18, if the evidence authorized a finding in favor of either (a) or (b) of the allegations of negligence, supra, a verdict for the plaintiffs would be authorized, but it further became the law of the case that the evidence upon the first trial thereof did not authorize such a finding; that the testimony of the bus driver that his brakes were efficient that night, coupled with testimony that the brakes were set, did not authorize the conclusion that properly set efficient brakes did not hold the bus in this instance or the conclusion that busses with properly set efficient brakes would not hold in a stationary position on the defendant's parking area without the aid of "scotch blocks." On this question, in addition to the testimony adduced at the first trial, the garage mechanic who repaired the bus testified on this trial as follows: "As to whether or not, in my opinion, that bus with proper and efficient brakes [would] hold a firm, standing position at that point without the use of a scotch block, with the type of braking system that that type of bus used; well,

no sir, I don't think so." No witness testified that the brakes on the bus in question were defective. There was testimony that the emergency brake, when examined after the bus came to rest at the bottom of the incline, was found to be set, or "up" as far as it would go.

As stated in *Southern Bell Tel. &c. Co.* v. *Glawson*, 140 *Ga.* 507, 508 (79 S. E. 136), "A matter decided on one appeal cannot be re-examined on a second appeal in the same case." It being the law of this case that the plaintiffs would be entitled to recover if they proved that "scotch blocks were the only means by which a bus with efficient brakes could have been kept in a firm standing position", and the plaintiffs having authorized by testimony in their behalf the conclusion that (a) the bus in question did not have defective brakes; (b) the brakes were not improperly set; (c) the incline was steep; (d) the bus did not keep a firm standing position; (e) other busses to which scotch blocks were applied did keep a firm standing position; and (f) in the opinion of the expert who examined that bus, the type of braking system used on it would not keep it in a firm standing position on that incline, we conclude, both that the evidence for the plaintiffs was stronger on this point than upon the former trial of the case, and that it was sufficient to authorize the jury to find the defendant negligent as alleged. This decision is not contrary to *Gem City Life Ins. Co.* v. *Stripling*, 176 *Ga.* 288 (168 S. E. 20), and *Atlanta & Charlotte &c. Ry. Co.* v. *Gravitt*, 93 *Ga.* 369 (7) (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145), cited by the plaintiff in error. Those cases hold that a theory propounded by an expert witness as a possibility will not prevail over positive facts testified to by unimpeached witnesses which in effect show such theory to be an impossibility. The witness here testified that the type of braking equipment used on the bus in question, even though "efficient", would not hold it on the incline in question. Assuming this to be theoretical, no positive evidence in the case shows it to be impossible. It is fundamental that there is some point between a horizontal and vertical position where brakes will not hold a vehicle on an incline; the witness testified that in his opinion this particular type of brakes would not hold this particular vehicle on this particular grade.

There was also testimony of a slightly stronger character on the question of whether the defendant had assumed to scotch busses "in all events." On the first trial, Cole, the manager, testified, "When I did that as to whether or not I was doing it as an accommodation to the driver or whether I was doing it as an obligation to anybody; well, I didn't feel like I was obligated to do it." On the second trial he added, "As to whether or not I didn't want to particularly obligate myself to him, but after that time as to whether or not I did undertake to see that every one of them was scotched that came in; well, I tried to, yes, by my boys, my employees." Also Pruitt, the janitor and an employee of the defendant, testified on this trial, "Well, yes sir, Mr. Cole showed me to put scotch up under the bus . . . as to whether or not I put it under every one of them, and I say that Mr. Cole told me to do that; well, yes sir, I will say every one of them, sometimes the drivers would put them under there, I wouldn't be there when they drove up." We think this testimony sufficient to establish that the defendant's manager did undertake to scotch all busses, and that his instructions were so understood by the employee who testified to this effect.

■ It is contended in the special ground of the motion for a new trial that the court erred in failing to charge the jury that it was the law of this case that the plaintiffs could not recover unless they proved the allegations of negligence as set out in the amendment to their petition. The court charged fully on the contentions of the parties in this respect, stated that the contentions were set out in the petition and amendments thereto, which the jury would have with them for reference, and charged on the duty resting upon an owner of premises toward an invitee, and on the preponderance of evidence, that the plaintiffs "enter upon the trial of the case with the burden of proof resting upon them to prove to you by a preponderance of the evidence the truthfulness of their contentions." The charge as a whole was accordingly sufficient, in the absence of timely written request for a more specific charge on the issues of negligence and burden of proof. See *Atlanta & West Point R. Co.* v. *McCord*, 54 *Ga. App.* 811 (2) (189 S. E. 403); *Weathers Brothers Transfer Co.* v. *Jarrell*, 72 *Ga. App.* 317 (2), 338 (33 S. E. 2d 805); *Maner* v. *Dykes*, 55 *Ga. App.* 436 (6), 441 (190 S. E. 189).

The trial court did not err in denying the motion for a new trial as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*