**Malcolm Lamar DRAKE, Appellant,**

v.

**Joseph John DRISCOLL, Appellee.**

**No. 17653.**

United States Court of Appeals
Fifth Circuit.

June 5, 1959.

Rehearing Denied July 20, 1959.

James M. Embry, Dunway, Embry & Shelfer, Atlanta, Ga., for appellant.

Casper Rich, Noah J. Stone, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a judgment on a verdict for damages for personal injuries sustained by plaintiff in a highway collision between two automobiles, in one of which plaintiff was a guest passenger.

The defendant, the driver of the other car, is here assigning in several forms that, in its charge [1] on plaintiff's duty to

---

1. "Now, I have referred several times to the negligence which the defendant charges against Jones. I wish to explain to you the relationship of these parties and to explain to you that any neglect upon the part of Jones would not be imputable to plaintiff. If Jones at the time and place in question was an employee of the plaintiff, or if they occupied the relationship of master and servant, principal and agent, then the negligence of Jones would be imputed to the plaintiff, or chargeable against the plaintiff. But they did not maintain that relationship at the time, but plaintiff Driscoll was what is known as a guest in the car of Jones. A person riding as a guest may, until he has notice to the contrary, assume that neither the driver, nor the others upon the highway will be negligent, and may also assume that the driver will exercise proper care to avoid the negligence of others, but while the negligence of the host is not imputable to the guest, the guest cannot close his eyes to known or obvious dangers arising either from the acts of the driver or the acts of others, and if there is a danger from either cause, and circumstances are such that it would become apparent to a person, that it did become apparent to the guest, then it would be the duty of the guest to do whatever in your opinion a person of ordinary prudence would or should do in the same or similar cricumstances. That is to say, if you should find from the circumstances in the case that plaintiff did in fact see the approaching car of the defendant, and should or could have warned Jones of its approach, and did not do so, then that would constitute a negligence upon the part of the plaintiff.

exercise care, the court in effect instructed the jury that plaintiff, as a guest, would not be called upon to exercise care unless and until something creating or evidencing danger, or requiring preventive action, came, or was brought, to his attention; whereas, as evidenced by defendant's requested and refused charges Nos. 10, 14 and 15, the law of Georgia[2] requires that both the plaintiff and the defendant be in the exercise of care at all times and that if by the exercise of ordinary care and diligence, the plaintiff in this case could have avoided the consequences to himself of defendant's negligence, he cannot recover.

Appellee, on his part, insisting that there was no evidence of negligence on the part of plaintiff and, therefore, no charge on that issue was justified,[3] further urges upon us that the charge the court gave was not prejudicial but favorable to the defendant and, if justified at all, was in accordance with the law in Georgia and generally elsewhere. His main argument below, as appears from the colloquy between Court and plaintiff's

counsel,[4] was, and here is, that there was no evidence of contributory negligence on plaintiff's part justifying the submission in any form of that issue, and under the law in Georgia and elsewhere it was error to refuse defendant's requested charges.

■ There is no evidence on the part of anyone that plaintiff saw, or ought to have seen, the driver of the other car before the collision, and we think that for the court to have charged as requested would have put upon the plaintiff, as a guest, under the facts of this case, a greater duty and burden than he was compelled to bear under the law of Georgia or generally elsewhere.

Appellant, in support of his view, relying on the few lines quoted by him from Blashfield, supra, Sec. 2411, "Lookout", as correctly stating the duty of a passenger to keep a lookout, overlooks the fact that the general tenor of the text and of the cases it cites are contrary to his view. Stating that a person riding as guest or passenger in an automobile is not in any

---

"Now, there is no direct evidence that the plaintiff saw said car and there is no direct evidence that Jones saw the approaching car. Both of them state, on the other hand, that they did not see the car driven by the defendant. As between the facts and circumstances, and the direct testimony of the parties, it is for the jury to find the true facts in the case."

**2.** Georgia Ry. & Power Co. v. McElroy, 36 Ga.App. 143, 136 S.E. 85; Georgia Power Co. v. Maxwell, 52 Ga.App. 430(3), 183 S.E. 654; Randall Bros. v. Duckett, 53 Ga.App. 250, 254, 255, 185 S.E. 394; Russell v. Bayne, 45 Ga.App. 55, 163 S.E. 290; Hatcher v. Bray, 88 Ga.App. 344, 77 S.E.2d 64; Blashfield's Cyclopedia of Automobile Law & Practice, Vol. 4, part 1, Sec. 2411, page 542.

**3.** Atlanta & West Point R. Co. v. McCord, 54 Ga.App. 811, 813, 189 S.E. 403; Smith v. Harrison, 92 Ga.App. 576, 580, 581, 89 S.E.2d 273; Georgia R. & Electric Co. v. Rich, 9 Ga.App. 497, 71 S.E. 759; Wade v. Drinkard, 76 Ga.App. 159, 45 S.E.2d 231; Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 4, part 1, Sec. B, "Particular Duties Required of Passenger", 2411, "Lookout".

**4.** The Court: "My own personal view is that a guest should not have to be looking out for dangers, that he can relax, go to sleep, read a book, do anything he pleases, if you take the language of some of the cases that he has cited and others, you can just take that statement of law, and it would look like it was absolutely right. When you boil it right down to the facts of each case, why, you don't always come up with the same answer. But I just wondered if you looked into it, if you risk the charge which I have given or whether you should, I should give—".

Mr. Rich: "Judge I am perfectly willing to go along with the charge as you gave it, for this reason, assuming for a moment that the law was even closer along that line, in this particular instance there is not one iota of evidence, as I see it, Mr. Driscoll failed to do anything that any reasonable ordinary man might have done under similar or the same circumstances, that I can see no way where his actions can be charged as negligence, and the only possible result to me that this charge might have is to confuse the jury and the issues involved, and I would certainly object to it being charged."

event held to exercise the same duty of care in respect of the maintenance of a lookout as is the driver, the text goes on to say:

"The duty of lookout is not, however, specific and absolute, but is, so far as the occupant of an automobile is concerned, only a component part of the broad duty of care * * *. He may reasonably rely on the driver and is not required under all circumstances to watch the road and the driver and hold himself in readiness to give directions to the driver or to keep a lookout for sudden or unexpected danger which may arise."

■ In the 1958 Cumulative Pocket Part to this section, at page 106 et seq., the later cases collected and quoted from hold almost uniformly *that a guest, in absence of an obvious or known danger or knowledge superior to that of motorist as to location of traffic signs, is not bound as matter of law to be constantly on the lookout for stop signs in order to be in position to warn the driver to stop and observe them.* Carman v. Huff, 32 Tenn. App. 687, 227 S.W.2d 780. In addition there is cited a Texas case, Davis v. Shafer, Tex.Civ.App., 222 S.W.2d 145, holding that *proof that one was a guest in an automobile at time of collision does not of itself establish duty to keep a lookout. But there must be proof of circumstances indicating a need for guest to be on the alert in order to show his duty to keep a lookout and otherwise he has a right to rely on the diligence of driver in keeping a lookout.* Many other cases from these and other states to the same effect are also cited.[5]

In the light of these authorities which represent the reasonable and prevailing

view and one not at all in conflict, under the facts of this case, with the Georgia cases relied on by appellant, we think it clear that no reversible error attended the trial of the case and that the judgment must be

Affirmed.

---

5. Perhaps the clearest and best statement of the generally controlling rule is this from a decision of the Supreme Court of Louisiana in Herget v. Saucier, 223 La. 938, 67 So.2d 543.

"Generally, a guest passenger is not required to keep a constant lookout for dangers of the highway, or to pay attention to ordinary road and other traffic conditions, and it is his right and privilege

to place reasonable reliance upon the driver in charge of the automobile for the exercise of the necessary care and caution, but if he is aware of danger ahead which is apparently unknown to driver or if he observes that driver is incompetent· or otherwise unfit to operate machine, a duty devolves upon passenger to take some precautionary action.