## WESTERN AND ATLANTIC RAILROAD COMPANY v. THIRD NATIONAL BANK OF ATLANTA.

1. A decision by the Supreme Court is controlling upon the judge of the trial court, as well as upon the Supreme Court when the case reaches that court a second time. The principle in the decision may be reviewed and overruled in another case between different parties, but as

between the parties the decision stands as the law of the case, even though the ruling has been disapproved by the Supreme Court in a case decided before the second appearance of the case in that court.

2. In the former decision in this case (114 *Ga.* 890) the trial judge was practically instructed to direct a verdict for the plaintiff in the event the evidence established the allegations of the petition and no sufficient defense appeared from the evidence of the defendant.

3. The plaintiff having established by proof the allegations of the petition, and there being no evidence of any defense to the action, the trial judge properly carried into effect the former decision of this court, and directed a verdict for the plaintiff; and his judgment rendered in obedience to the decision of this court will be affirmed.

Submitted March 3,—Decided May 16, 1906.

Complaint. Before Judge Lumpkin. Fulton superior court. March 8, 1905.

*John L. Tye* and *Charles A. Read,* for plaintiff in error.

*Walter T. Colquitt* and *Ben. J. Conyers,* contra.

COBB, P. J. The Third National Bank of Atlanta brought an action against the Western and Atlantic Railroad Company. The material allegations in the petition will be found in the opinion rendered when the case was before this court on a former occasion. See *Third National Bank* v. *W. & A. Railroad Co.,* 114 *Ga.* 890. The headnote in the case was in the following language: "When a plaintiff's petition sets forth a particular state of facts and thereupon alleges liability on the part of the defendant, it must, if not challenged by demurrer, be treated as legally sufficient to support a recovery; and if the plaintiff establishes by evidence all the material allegations of such petition, he is, nothing more appearing, entitled to a verdict." It was said in the opinion, "It appears from the brief of evidence that every material allegation of the plaintiff's petition was fully sustained by uncontradicted evidence; and as there was no defense in, except a denial of the allegations of the petition, a verdict for the plaintiff was demanded, the case having been proved as laid." There was cited, to support this proposition, *Phillips* v. *Southern Ry. Co.,* 112 *Ga.* 197, and *Flewellen* v. *Flewellen,* 114 *Ga.* 403, and cit.

When the case was tried a second time, the defendant, at the conclusion of the plaintiff's evidence, made a motion for a nonsuit, which was overruled; and error is assigned upon this ruling. There was no error in overruling the motion for a nonsuit. On such a motion the only question is whether the evidence is sufficient in law to maintain the issue in fact made by the pleadings; and no ex-

ception can be taken to defects in the pleading upon a motion of this character. *Kelly* v. *Strouse,* 116 *Ga.* 873 (4 *b*). There was no other motion made at the trial. The court directed a verdict for the plaintiff. The case is now here upon a bill of exceptions assigning error upon the direction of the verdict, the assignment of error being that neither under the pleadings nor the evidence is the plaintiff entitled to recover. Under the ruling in *Kelly* v. *Strouse,* 116 *Ga.* 897, this assignment of error is sufficient not only to bring up for decision the question as to whether the evidence authorizes the recovery, but also whether the petition set forth a cause of action. If it were not for the former decision in the case now under consideration, the ruling in *Kelly* v. *Strouse* would be controlling. But the former decision was in effect an instruction to the judge to direct a verdict for the plaintiff if the evidence sustained the allegations of the petition, and the sufficiency of the petition was not in any way challenged at the trial. Whether this decision was right or wrong on the facts in the case is now immaterial; for the parties to the case are bound by the judgment in that case, if at a subsequent trial the facts remain substantially the same. *Southwestern Railroad* v. *Wright,* 68 *Ga.* 312 (7); *Adams* v. *Bank of Stewart County,* 102 *Ga.* 562; *Myers* v. *Bernstein,* 102 *Ga.* 579 (2); *So. Mut. Ins. Co.* v. *Hudson,* 115 *Ga.* 638; *McLendon* v. *R. Co.,* 123 *Ga.* 253.

The rule laid down when the case was here before, and which was laid down in the other cases therein cited, has not been followed by this court since the decision in *Kelly* v. *Strouse;* but the judgment in each of these cases is binding upon the parties thereto, although the principle has been overruled and the ruling disapproved. The trial judge obeyed the instructions of this court, and we will not reverse his judgment.

*Judgment affirmed. All the Justices concur, except Lumpkin, J., disqualified.*