## RAWLINS *et al. v.* THE STATE.

1. The rulings made by this court when the cases of the present movants. were before it on exceptions to the overruling of former motions for new trial are binding and conclusive adjudications; and a motion to review the decision then made can not be entertained.

2. Newly discovered evidence which is merely cumulative or impeaching in character, relatively to that introduced on the trial, will furnish no. ground for the grant of a new trial on an extraordinary motion therefor, made after the overruling of an original motion for a new trial has been. affirmed by this court.

3. Where a father, his three sons, and another were indicted for murder and convicted, though all .claimed to be innocent, and they brought their cases to this court, where the judgments were affirmed, the fact that the father afterwards confessed that he was guilty of sending another to. murder the father of the children who were killed, but claimed that he did not authorize the killing of the children, and that his sons were not. connected with the crime but were innocent, and that he made an affidavit to that effect, would not require a new trial on an extraordinary motion therefor.

4. Whether such statements be considered in the light of confessions whereby the father sought to exculpate his sons, who were also convicted, or whether they be treated as newly discovered evidence of the father, who. had been convicted of the same murder, and who had previously claimed. to be innocent, and whose character was unsustained by any evidence,. there was no error in overruling the extraordinary motion for new trial. based on that ground.

5. There being evidence tending to show that several persons were indicted. for the murder; that before and during his trial one of the accused was. in frequent communication with one or both of his attorneys, and made

a statement on the stand denying his guilt; that after a verdict of guilty and a refusal of a new trial exceptions were taken to this court, and afterwards to the Supreme Court of the United States, in both of which the judgment was affirmed; that the father of the defendant and two brothers were also indicted and convicted as participants in the crime; that evidence was introduced, including that of his mother and two sisters, and that no claim was made that he was insane: after all this, newly discovered evidence tending to show that the accused was insane, and had so, been for a period extending back of the commission of the offense, will not require the grant of his extraordinary motion for a new trial.

6. None of the grounds of the extraordinary motion required the grant of a new trial, and there was no error in overruling such motion.

Argued July 16,—Decided July 27, 1906.

Indictment for murder. Before Judge Mitchell. Lowndes superior court. May 24, 1906.

Milton, Leonard, and Jesse Rawlins, brothers, and Alf Moore were indicted for the offense of murder; and J. G. Rawlins, their father, and Frank Turner were indicted as accessories before the fact. All were found guilty. Each of them except Alf Moore moved for a new trial, and upon a refusal of it each excepted and brought his case to this court. In each case, except that of Turner, the judgment was affirmed. The cases were carried to the Supreme Court of the United States, where the judgment of this court was affirmed. Milton, Leonard, and Jesse Rawlins then made an extraordinary motion for a new trial on the ground of newly discovered evidence since their conviction and the affirmance of the judgments in their cases, substantially as follows: They have learned that they can prove: (1) By their father, J. G. Rawlins, that he hired the negro, Alf Moore, to kill Carter, and that he will swear that his sons had nothing to do with the murder; also that their father made a confession to this effect since his conviction. (2) By a witness, T. S. Passmore, that the prosecutor, W. L. Carter, swore before the coroner's jury, which held an inquest over the Carter children, "that he saw two white men and two negroes there that night, and that Leonard Rawlins had nothing in the world to do with it and was not there, and ought to be released," and that Leonard Rawlins was released by the officer and afterwards rearrested. (3) By Elbert Freeman, that Alf Moore, while confined in jail after his conviction, stated to Freeman "that he and Tim McDonald, and Benton or Bentley, or some such name, and old

7

man Rawlins" were in the Carter murder. (4) The insanity of Milton Rawlins, and that two witnesses will swear that the mind of Milton Rawlins is unsound, and was at the time of the alleged offense. Filed with the motion were affidavits in support of it, and affidavits of counsel that they used due diligence and did not know of the evidence until after the trial, and that all except one fact in this new evidence was unknown to them until after the former motion was overruled. Of the witnesses who made affidavits in regard to the insanity of Milton Rawlins, in addition to stating their opportunities for observation, one of them deposed: "I am satisfied that he is not a person of sound and disposing mind and memory, but his mind has been and is seriously affected, and was at the time of the alleged crime in the bill of indictment." Another testified that, "from his actions and conduct generally, I am of the opinion that there is something wrong with his mind, and that he is not of sound mind and memory and was not at the time of the commission of the alleged offense and prior thereto." A third testified that "judging from his actions and conduct generally, and especially at times, it is my judgment that he is not of sound and disposing mind and memory, but that his mind is seriously affected and was so affected at and prior to the commission of the alleged crime." The State introduced, in opposition to the motion, an affidavit of the sheriff, who stated that he had had occasion to talk frequently with Milton Rawlins; that deponent had never observed or known anything in him in the slightest degree to indicate that he was crazy, or that he was not of sound and disposing mind; that Rawlins had been confined in jail since the time of the commission of the crime, and that his conduct before and after the commission of the crime was under the observation of deponent, and that while confined in jail his conduct was that of any other prisoner; and that the attorneys of Rawlins, who constantly visited him in jail after his arrest, could have been apprised of his insanity if it existed. The motion was overruled, and the defendants excepted.

*John R. Cooper* and *Oscar M. Smith,* for plaintiffs in error.

*John C. Hart, attorney-general,* and *W. E. Thomas, solicitor-general,* contra.

LUMPKIN, J. (After stating the facts.) We were requested to review the decision made when these same movants, with others, were plaintiffs in error after their former motions for new trial had

been overruled. *Rawlins* v. *State*, 124 *Ga.* 31. This, of course, can not be done. What was then decided is the law of this case as to the points then involved. The brief of counsel for plaintiff in error also requests the review and overruling of the case of *Statham* v. *State*, 86 *Ga.* 331, 333. The ruling there made is as follows: "The evidence being sufficient to connect the defendant with the offense charged against him, and the alleged newly discovered evidence being that of persons who participated in the offense, but who swore that he did not, and no sufficient reason being shown why they did not testify on the trial, it was not error to refuse to grant the defendant a new trial upon the ground of such newly discovered evidence." We perceive no reason for reviewing or reversing it.

The rule is well settled that newly discovered evidence the character of which is merely impeaching or cumulative, will not require the grant of a new trial; nor does the confession of the senior Rawlins, and the discovery that he will testify to the same thing, furnish a good ground for granting this extraordinary motion. In *Attaway* v. *State*, 56 *Ga.* 363, it was said: "Newly discovered evidence to the effect that a witness is prepared to swear that she heard a person other than the defendant admit that she did the criminal act of which defendant was convicted, will not authorize a new trial." See also *Kelly* v. *State*, 82 *Ga.* 441; *Briscoe* v. *State*, 95 *Ga.* 496. In *Herndon* v. *State*, 110 *Ga.* 313, after a conviction of arson, the defendants moved for a new trial, and all save one alleged that since the trial of said case they had learned that they could prove by the testimony of their codefendant that they had nothing whatever to do with the commission of the crime. It was said, that, "even if such testimony could in a particular instance be regarded as newly discovered evidence, there would be no abuse of discretion in disregarding it, the witness being a convicted criminal, whom the judge might readily disbelieve, and whose character was not vouched for."

The affidavits on the subject of insanity made a very weak showing, had there been no rebutting evidence or circumstances. In the light of the rebutting facts, they furnish no reason for the grant of a new trial. In view of the entire evidence, there was no error in overruling the motion.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*