## SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY *v.* GLAWSON *et al.*

1. Where a petition has been dismissed in the trial court upon general demurrer, and that judgment has been reviewed by the Court of Appeals and reversed in a decision holding that the petition sets forth a cause of action, and, subsequently to the rendition of such decision by the Court of Appeals, the Supreme Court renders a decision in another case, the effect of which is to show that the decision of the Court of Appeals is erroneous, and, after the rendition of such decision by the Supreme Court, the case first mentioned again comes before the Court of Appeals upon writ of error assigning error upon the judgment overruling a motion for new trial filed by the defendant, the Court of Appeals, upon a consideration of the second writ of error, is bound by its own decision in the former case, and should not in that case follow and apply the contrary decision of the Supreme Court, though it should do so in other cases.

2. This court declines to overrule the decisions in *Chapman* v. *Western Union Telegraph Co.,* 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183), *Giddens* v. *Telegraph Co.,* 111 *Ga.* 824 (35 S. E. 638), *Seifert* v. *Western Union Telegraph Co.,* 129 *Ga.* 181 (58 S. E. 699, 11 L. R. A. (N. S.) 1149, 121 Am. St. R. 210), and *Southern Bell Telephone & Telegraph Co.* v. *Reynolds,* 139 *Ga.* 385 (77 S. E. 388); and they should be followed by the Court of Appeals as precedents.

AUGUST 13, 1913.

Questions of law; from Court of Appeals (4073).

The Court of Appeals certified the following questions:

"Where a petition is dismissed in the trial court upon general demurrer, and that judgment has been reviewed by the Court of Appeals and reversed in a decision holding that the petition sets forth a cause of action, and, subsequently to the rendition of such decision by the Court of Appeals, the Supreme Court renders a decision in another case, the effect of which is to show that. the decision of the Court of Appeals is erroneous, and, after the rendition of such decision by the Supreme Court, the case first mentioned again comes before the Court of Appeals upon writ of error assigning error upon the judgment overruling a motion for new trial filed by the defendant, is the Court of Appeals, upon a consideration of the second writ of error, bound by its own decision in the former case, or should it follow and apply the contrary decision of the Supreme Court?

"In the above-stated case, counsel have attacked the soundness of the following decisions of the Supreme Court and have asked that this court request the Supreme Court to review and overrule the decisions in these cases: *Chapman* v. *Western Union Telegraph Co., 88 Ga.* 763; *Seifert* v. *Western Union Telegraph Co., 129 Ga.* 181; *Giddens* v. *Western Union Telegraph Co., 111 Ga.* 824; and *Southern Bell Telephone & Telegraph Co.* v. *Reynolds,* decided February 11, 1913."

*H. E. W. Palmer, Brutus J. Clay, W. P. Wallis,* and *McDaniel & Black,* for plaintiff in error.

*R. L. Berner* and *J. A. Hixon,* contra.

LUMPKIN, J. 1. The first question propounded by the Court of Appeals raises an interesting question of practice. It involves what is commonly called the doctrine of "the law of the case." This doctrine is thus stated in 26 Am. & Eng. Enc. L. (2d ed.) 184: "The doctrine of 'the law of the case' may be stated thus: A matter decided on one appeal can not be re-examined on a second appeal in the same case; for the decision of an appellate court, whether right or wrong, in a case before it, is conclusive upon the points presented throughout all the subsequent proceedings in the case, both upon the appellate court itself and upon the trial court. Concisely it is said that the decision on appeal becomes 'the law of the case.'" In this court the rule is well settled. In *Western and*

*Atlantic R. Co.* v. *Third Nat. Bank,* 125 *Ga.* 489 (54 S. E. 621),
it was held: "A decision by the Supreme Court is controlling
upon the judge of the trial court, as well as upon the Supreme
Court when the case reaches that court a second time. The prin-
ciple in the decision may be reviewed and overruled in another case
between different parties, but as between the parties the decision
stands as the law of the case, even though the ruling has been dis-
approved by the Supreme Court in a case decided before the second
appearance of the case in that court." See also *Gilmore* v. *Johnson,*
29 *Ga.* 67; *Ingram* v. *Trustees of Mercer University,* 102 *Ga.* 226
(29 S. E. 273), and citations; *Allen* v. *Schweigert,* 113 *Ga.* 71
(38 S. E. 397) ; *McLendon* v. *Macon, Dublin & Savannah R. Co.,*
123 *Ga.* 253 (51 S. E. 317). Had the decision on the demurrer
been rendered here, it would stand as the law of the case, although
a different ruling might have been made in regard to the principle
involved before the case reached this court for the second time.
Does it alter the rule that the decision on the demurrer was made
by the Court of Appeals, and that the case is in that court for the
second time? We think not. It was argued, that, as the consti-
tution declares that "the decisions of the Supreme Court shall bind
the Court of Appeals as precedents," this abolished the "law of the
case" rule under circumstances like those involved in the question
now under consideration; and that the Court of Appeals was bound
to follow the later decision of this court on the same principle in a
different case, instead of its own former decision in the same case.
To this contention there are two replies. The first is that, in the
fallibility and imperfection which inheres in all human institutions,
lawyers, and even judges, sometimes honestly differ as to the appli-
cation of a precedent. The Court of Appeals is a court of last
resort as to the cases within its jurisdiction (omitting reference
to constitutional questions and certified questions). Its decisions,
within its jurisdiction, are final. They can not be treated as nulli-
ties. If by any chance the judgment in a particular case should be
erroneous, it would still be binding. *Saffold* v. *Mangum,* 139 *Ga.*
119 (76 S. E. 858) ; *Buck* v. *Duval,* 139 *Ga.* 599 (77 S. E. 809).
Any other rule would create utter confusion. It is the duty of the
superior courts to follow the decisions of the Supreme Court as
precedents. Suppose a superior court should make errors in the
effort to do so, but no exception should be taken to the judgment,

it could not be disregarded as void. There must be somewhere an end of controversy, and that necessity is what former Chief Justice Bleckley doubtless had in mind when in his opinion in *Broome* v. *Davis,* 87 *Ga.* 584 (13 S. E. 749), he humorously referred to "the fallibility which is inherent in all courts except those of last resort."

Again, the declaration that the decisions of the Supreme Court shall be binding on the Court of Appeals as precedents is only a part of a paragraph of the constitution. The same paragraph also declares that the laws relating to the Supreme Court as to practice and procedure, and in all other respects, except as otherwise provided by the constitution, shall apply to the Court of Appeals until otherwise provided by law. Civil Code (1910), § 6506. While we can not agree with counsel for the defendant in error that, relatively to the Court of Appeals, this provision crystallizes into an absolute rule of constitutional law every rule of practice of the Supreme Court, and that, as to the Court of Appeals, it can only be changed by the legislature, although the Supreme Court may change the rule for itself, yet it does analogize the practice in that court to the practice in this. And, as we have seen, what is known as the doctrine of "the law of the case," arising from a decision therein, is a settled rule in this court.

Counsel for the plaintiff in error relied strongly on the decision in Messenger *v.* Anderson, 225 U. S. 436 (32 Sup. Ct. 739, 56 L. ed. 1152). But the statement there made, that the phrase "the law of the case" expresses the practice of the courts generally to refuse to open what has been decided, rather than a limit on their power, does not alter the fact that in courts of last resort the rule is generally followed. We need not distinguish between the propriety of the Federal Court of Appeals following a construction of a will by the highest court in the State where it was executed and a court of last resort following its decision in the same case. Illinois *v.* Illinois Central R. Co., 184 U. S. 77 (22 Sup. Ct. 300, 46 L. ed. 440) ; United States *v.* Camou, 184 U. S. 572, 574 (22 Sup. Ct. 505, 46 L. ed. 694) ; Great Western Telegraph Co. *v.* Burnham, 162 U. S. 343, 344 (16 Sup. Ct. 850, 40 L. ed. 991).

To the first question propounded we accordingly answer that the former decision of the Court of Appeals has settled the law of the case to the extent to which the decision went; and it should be fol-

lowed in this case, though in others the subsequent decision of the Supreme Court should be followed.

2. The next question is whether we will review and reverse the decisions in *Chapman* v. *Western Union Telegraph Co.*, 88 *Ga.* 763 (15 S. E. 901, 17 L. R. A. 430, 30 Am. St. R. 183), *Giddens* v. *Telegraph Co.*, 111 *Ga.* 824 (35 S. E. 638), *Seifert* v. *Western Union Telegraph Co.*, 129 *Ga.* 181 (58 S. E. 699, 11 L. R. A. (N. S.) 1149, 121 Am. St. R. 210), and *Southern Bell Telephone & Telegraph Co.* v. *Reynolds*, 139 *Ga.* 385 (77 S. E. 388). As to the first two cases we are unanimously of the opinion that the decisions were right and should stand. As to the last two decisions, which were concurred in by the entire bench, our statute requires the concurrence of all the Justices to reverse them. Civil Code (1910), § 6207. The entire bench does not concur in so doing, and they must remain of force.

It may be added that there are a number of authorities adverse to the decisions last cited, but the ruling does not stand unsupported. Lebanon, Louisville &c. Tel. Co. *v.* Lanham Lumber Co., 131 Ky. 718 (115 S. W. 824, 21 L. R. A. (N. S.) 115, 18 Ann. Cas. 1066); Evans *v.* Cumberland Telephone & Telegraph Co., 135 Ky. 66 (121 S. W. 959, 135 Am. St. R. 444); Southwestern Telegraph & Telephone Co. *v.* Solomon, 54 Texas Civ. App. 306 (117 S. W. 214); Volquardsen *v.* Iowa Telephone Co., 148 Iowa, 77 (126 N. W. 928, 28 L. R. A. (N. S.) 554); Robinson *v.* City of Evansville, 87 Ind. 334 (44 Am. R. 770).

*All the Justices concur.*