DIXON *et al. v.* FEDERAL FARM MORTGAGE
· CORPORATION.

No. 12593.   MARCH 8, 1939.

*R. Earl Camp, L. F. Watson,* and *A. S. Boone Jr.,* for plaintiffs in error.

*Victor Davidson,* contra.

REID, Chief Justice.   To an action in ejectment by the Federal Farm Mortgage Corporation, T. A. Dixon, the defendant, set up an alleged contract of purchase of the land from the plaintiff, partial payment of the purchase-money, and possession thereunder. This is the second appearance of the case in this court. On its first appearance it was decided that the evidence demanded a verdict for the plaintiff, and that a judgment in favor of the defendant, decreeing specific performance of the alleged contract of purchase, was erroneous. 185 *Ga.* 466 (195 S. E. 414). For a detailed state-

ment of the pleadings and the evidence on the first trial, reference to that decision may be had. When the case was returned to the trial court the defendant offered an amendment to its answer which was allowed. A new trial was had, and after ruling out certain evidence the judge directed a verdict in favor of the plaintiff. The defendant excepted to the overruling of his motion for new trial.

■ The former decision of this court is in the main controlling on the present appeal, for the facts developed at the second trial were not substantially and materially different from those that appeared at the first trial. However, counsel for the defendant request that the former decision be modified or overruled. This request can not be entertained. It is well settled that a former decision of this court in the same case becomes the law of that case, and can not thereafter, upon a subsequent appeal, be modified or overruled. *Rawlins* v. *State,* 126 *Ga.* 96 (54 S. E. 924); *Allen* v. *Schweigert,* 113 *Ga.* 69 (38 S. E. 397); *Western & Atlantic R. Co.* v. *Third National Bank,* 125 *Ga.* 489 (53 S. E. 959); *Southern Bell Tel. Co.* v. *Glawson,* 140 *Ga.* 507 (79 S. E. 136), and cit.

■ Under the view that we take of the case, we need not direct ourselves specifically to the assignments of error complaining of the rejection of evidence; for, had the court allowed its introduction, a verdict in favor of the plaintiff would still have been demanded. In the former decision this court held, in effect, that where a party executed an instrument which in form and substance was an offer to purchase certain described real estate, on terms stated therein, wherein it was provided that the offeree's acceptance of the offer to purchase must be in writing, and further that the acceptance of the offer to purchase, to be valid, must be approved by its executive committee, the mere indorsement of acceptance on the instrument by the proper authorities on behalf of the offeree does not constitute a binding contract unless and until the acceptance so required by the instrument be communicated to the offerer. In such case the offeree had the right, at any time before communication of its acceptance to the offerer, to rescind its previous entry of approval and acceptance, and to reject the offer. The court cited many authorities which fully sustain the ruling there made.

On the former trial the defendant testified that at the time he executed the instrument the agent of the plaintiff, with whom he dealt in the matter, informed him substantially that he had pur-

chased the property and could consider the trade closed. In this connection the court said: "The defendant as the alleged purchaser having required by the terms of his written offer that in order to effect a contract of purchase and sale his offer should be accepted in writing by certain named officials of the plaintiff corporation, no binding contract was consummated by mere oral statements to the offerer by other alleged agents of the vendor corporation that the contract had been accepted and was in force, where the alleged agents *did not assume to speak by virtue of any action having been taken on the part of the officials,* but on the contrary made their alleged declarations before any sort of action was taken by such officials." On the trial now under review the defendant offered to testify that on another occasion, at a time subsequent to the date of the entry of acceptance and before the date of the entry of rescission and rejection, the same agent saw him and told him substantially the same thing. He did not testify that this communication by the agent was made by virtue of and pursuant to the actual entry of approval on the instrument by the proper officers of the plaintiff, or that such agent assumed to communicate to him the actual entry of approval upon the instrument. With this fact lacking, the evidence offered was not sufficient to sustain the defense. In point of fact it appeared from the evidence that at the time of this alleged communication the agent had no knowledge that an entry of approval had been entered on the instrument. On the contrary, he did not learn of the entry of approval until the date of the entry of rescission and rejection, which was subsequent to the time of the alleged communication.

■ It has been the theory of the defendant in this litigation that the agent with whom he dealt with regard to the purchase of the property in question was an authorized agent to consummate a sale thereof, or, at least, that he was held out to the public and to the defendant as having such authority; and that, such agent having stated to him that he had purchased the property and could consider the trade closed, having accepted a check in part payment of the purchase-price, and defendant having gone into possession of the premises by reason thereof, in so far as the plaintiff was concerned the purchase of the property was consummated. On the present trial the defendant offered evidence for the declared purpose of showing the general authority of the agent to sell lands belong-

ing to the plaintiffs. In this, however, the defendant is met with the offer to purchase which he executed, and the provisions contained therein, as was pointed out by this court in its former decision. No matter what may have been the general authority of the agent to sell land belonging to the plaintiff, it appears from the instrument executed by the defendant that the agent did not in this instance assume to exercise the right to complete a sale of the property. To avoid the effect of the provisions of the offer to purchase, the defendant set up in his amendment that the execution of the instrument was induced by fraud on the part of the agent, in that at the time of its execution the agent represented that the contract embodied an actual sale of the land, and that defendant did not read the same, because of such representation and because it was presented to him at "twilight, when it was too dark to read." We need not determine the sufficiency of these allegations to relieve the defendant from the provisions contained in the offer to purchase (see generally on this question, *Howard* v. *Georgia Home Ins. Co.*, 102 *Ga.* 137, 9 S. E. 143; *Georgia Medicine Co.* v. *Hyman*, 117 *Ga.* 851, 45 S. E. 238; *Walton Guano Company* v. *Copeland*, 112 *Ga.* 319, 37 S. E. 411, 52 L. R. A. 268; *Tinsley* v. *Gullett Gin Co.*, 21 *Ga. App.* 512 (2), 94 S. E. 892; *Lee* v. *Loveland*, 43 *Ga. App.* 5, 57 S. E. 707; *Hodge* v. *Milam*, 48 *Ga. App.* 105, 171 S. E. 870; *Miller* v. *Quaker Savings Asso.*, 53 *Ga. App.* 703, 186 S. E. 885; *Atlanta & W. P. R. Co.* v. *McCord*, 54 *Ga. App.* 811 (10, 11), 189 S. E. 403; *National Accident & Health Ins. Co.* v. *Davis*, 179 *Ga.* 595, 176 S. E. 387), or whether, if so, a verdict in favor of the defendant would have been authorized; for no evidence was introduced at the trial in support of this part of the amendment. It appears that the rulings of the trial judge conform in every particular to what was said by this court in its former decision in the case. Therefore the judgment is

*Affirmed. All the Justices concur.*