42074.   GUNTHER v. GILLIS et al.

ARGUED JUNE 8, 1966—DECIDED JUNE 22, 1966—
REHEARING DENIED JULY 8, 1966.

*Olon E. Scott,* for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Horace E. Campbell,* for appellees.

DEEN, Judge. 1. This court does not take judicial notice of the rules and regulations of the various State administrative agencies, and those relied upon as giving rise to a right of action should be pleaded and proved. *Crouch v. Fisher,* 43 Ga. App. 484 (159 SE 746) (Industrial Commission); *Columbus Wine Co. v. Sheffield,* 83 Ga. App. 593 (64 SE2d 356) (Revenue Commissioner); *Orvin v. Nat. Surety Corp.,* 87 Ga. App. 551 (74 SE2d 489), rev. on other grounds, 209 Ga. 878 (76 SE2d 705) (Board of Workmen's Compensation); *Atlanta Gas Light Co. v. Newman,* 88 Ga. App. 252 (76 SE2d 536) (Public Service Com-

mission); *Turner v. Brunswick Distributing Co.,* 95 Ga. App. 651 (98 SE2d 591) (Revenue Commissioner). While the briefs of counsel refer to a number of rules and regulations of the Merit System Council, none were admitted in evidence and only one was the subject of testimony undisputed and unobjected to. The fact that *Code Ann.* § 40-2207 (b) provides that the rules and regulations of the Merit System Council when approved by the Governor shall have the force and effect of law and be binding on State departments enumerated in the Governor's executive order does not make them the subject of judicial notice. See *Atkins v. Manning,* 206 Ga. 219 (56 SE2d 260) holding that rules of the State Revenue Commissioner have the force and effect of law, although they are not the subject of judicial notice. *Columbus Wine Co. v. Sheffield,* 83 Ga. App. 593, supra; *Oxford v. Chance,* 104 Ga. App. 310 (121 SE2d 825).

2. The answer of the State Merit System of Personnel Administration, which is the fact-finding tribunal, is not traversed and must be accepted as true. *Fudge v. State,* 66 Ga. App. 32 (16 SE2d 892). From the testimony offered it appears that the issue in dispute was whether the movant, under the regulations, had a right to insist that her job at Jesup be returned to her and whether, if so, she took the necessary action prior to June 30, 1959 (twelve months from the commencement of her leave of absence) to reclaim the position so that a failure to reinstate her therein would vest her right and render the Highway Department liable to her for back pay in the event it refused to reinstate her. It appears from the answer of the Merit System Council (a) that the movant has been guilty of laches so that she has no present right to be reinstated in any position, and (b) that the State Highway Department did comply with Merit System regulations, especially B-400 which provides: "Leave of Absence Without Pay. At the expiration of such leave the employee shall be reinstated in the service without loss of any of his rights." The answer further has attached to it as an exhibit the findings of the board stating that under this section: "Mrs. Gunther was entitled to be reinstated with the State Highway Department of Georgia, but does not have the right to insist on reinstatement to the identical position in Jesup from which she was granted a leave of absence."

Indubitably, the burden is on the movant to show error and injury. She has failed to plead and prove any applicable regulations under which it would be mandatory for the State Highway Department to return her to the position vacated by her in June, 1958, when she went on the leave of absence, as of March 1, 1959, when she indicated that she could return to work, or to place her on the payroll regardless of whether or not the position was available. Neither has the movant shown that any other comparable position was available at that time. The regulation in question requires merely that the employee shall be reinstated "in the service," not to the identical position, especially if that position is no longer available. In the state of this record it cannot be said that the decision of the Merit System Council was in violation of its rules and regulations, or that the Judge of the Superior Court of Fulton County erred in overruling the certiorari.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*