28336. STATE OF GEORGIA v. CANTRELL.

MOBLEY, Chief Justice. Certiorari was granted on the application of the State of Georgia, acting through the State Forestry Commission, to review the decision of the Court of Appeals in *Cantrell v. State of Ga.*, 129 Ga. App. 465 (200 SE2d 163).

The State Forestry Commission applied to the State Retirement Board to terminate the employment of Cantrell through involuntary retirement on the ground of disability, and the involuntary retirement was approved. Cantrell filed an appeal to the State Personnel Board to determine his status on the ground that he was being discriminated against in that he was being involuntarily separated without the benefit of a personal medical examination as required by law. The Personnel Board reinstated Cantrell, and the State Forestry Commission petitioned for writ of certiorari to Fulton Superior Court. That court reversed the ruling of the Personnel Board, and Cantrell appealed to the Court of Appeals. The Court of Appeals reversed the decision of Fulton Superior Court.

The crucial issue in the case is whether the State Personnel Board has the authority to find that the Medical Board of the State Employees Retirement System violated a rule or regulation in failing to physically examine Cantrell, whose employer had applied to have him involuntarily retired by reason of his no longer being physically able to perform his duties. A stipulation was entered into before the State Personnel Board that Cantrell was never physically examined by the Medical Board of the Employees Retirement System.

Code Ann. § 40-2508 (Ga. L. 1949, pp. 138, 153) provides that the board of trustees of the State Retirement System shall designate a medical board of three physicians, that other physicians may be employed to report on special cases, and that the medical board "shall arrange for and pass upon all medical examinations required . . ." Code Ann. § 40-2505 (3b) (Ga. L. 1959, pp. 107, 109,

as amended) provides that any member (employee) of the State Retirement System may be retired on a disability allowance upon the application of the member or his employer, provided he has 15 or more years of creditable service, and "provided the medical board, *after a medical examination of such member,* shall certify that he is mentally or physically incapacitated for further performance of duty in the position he occupied at the time the disability originated, and that such incapacity is likely to be permanent and that he should be retired." (Emphasis supplied.) The General Assembly has given the State Personnel Board authority to make rules and regulations concerning "the certification of eligible persons, appointments, promotions, transfers, demotions, *separations,* tenure, *reinstatement,* appeals," etc. Code Ann. § 40-2203 (b) (Ga. L. 1971, pp. 45, 49). (Emphasis supplied.) The Personnel Board is also authorized: "To conduct hearings and render decisions on dismissals and *other purported violations of the rules and regulations* in the several departments which are included in the career service, . . ." Code Ann. § 40-2203 (e). (Emphasis supplied.)

These statutes make it clear that the State Personnel Board has the authority to find that the Medical Board of the State Employees Retirement System violated a rule or regulation in failing to physically examine Cantrell, whose employer had applied for his involuntary retirement by reason of his being no longer physically able to perform his duties, and to order his reinstatement.

The Court of Appeals, therefore, correctly reversed the ruling of the Fulton Superior Court.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1973 — DECIDED JANUARY 28, 1974 — REHEARING DENIED FEBRUARY 18, 1974.

*Arthur K. Bolton, Attorney General, Don A. Langham, Carl C. Jones, Robert S. Bomar, Assistant Attorneys General,* for appellant. *Harrison & Garner, G. Hughel Harrison,* for appellee.