### 49344. BURKHEAD v. TRUSTEES, FIREMEN'S PENSION FUND OF ATLANTA.

BELL, Chief Judge.

The appellant, Burkhead, made application to the Board of Trustees of the Firemen's Pension Fund of the City of Atlanta. The Board denied his application. Pursuant to the provisions of § 6 (b) of an Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 2305, 2307), appellant appealed the board's decision by the filing of a petition in the Fulton Superior Court. The petition as filed was captioned "Joe A. Burkhead, Plaintiff vs Board of Trustees, Firemen's Pension Fund, Charles L. Davis,

Secretary, Defendant." After filing and as required by the statute, the clerk of the superior court gave immediate notice to the Secretary of the Board of Trustees and the Secretary responded and filed a copy of the application and the board's decision. The record shows that a deputy sheriff of Fulton County served the secretary with a copy of the petition. The appellee board filed a motion to dismiss the appeal on the grounds that the petition failed to state a claim upon which relief can be granted; and that there was no jurisdiction over the defendant because of failure of service. After a hearing, the trial court granted the motion and dismissed the appeal and action. The record shows that the City of Atlanta was not joined as a party and was never served with a copy of the appellant's petition. *Held:*

The trial judge erred. The petition sets forth a claim for relief. Jurisdiction over the board and its secretary was clearly shown by the service of the clerk and the deputy's return. However, both parties admit in their briefs that at the hearing on the motion, additional grounds were orally urged, to wit: That the City of Atlanta was not named as the opposite party to the action and had not been served with a copy of the appellant's petition. We are in complete agreement with the appellee's position that the City of Atlanta is an indispensable party and that it must be served with a copy of the petition. The statute upon which this special proceeding is based specifies that after a decision by the Board of Trustees "such city or any person making application for pension. . . may appeal from the decision of the board of trustees to the superior court. . . Such appeal shall be filed within thirty days after the decision of the board of trustees is rendered. The same shall be served on the opposite party or his attorney by delivering to him a copy thereof." It is clear and express that either the city or the applicant may appeal a decision of this administrative board and one or the other is the opposite party and must be served with a copy. The failure to name the City of Atlanta as a party falls within the provisions of CPA § 12 (b) (7) as amended in 1972 (Ga. L. 1972, pp. 689, 692; Code Ann. § 81A-112 (b) (7)). This provision authorizes a motion to dismiss for "failure to

join a party under Section 19" of the Civil Practice Act. The question then arises, was dismissal of the claim under the status of the record here the proper disposition? CPA § 19 (a), Code Ann. § 81A-119 (a), as amended, provides in pertinent part: "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be afforded among those who are already parties . . . If he has not been so joined, the court shall order that he be made a party." The City of Atlanta is subject to service of process by the trial court and complete relief cannot be afforded in its absence as the city may be obligated to pay the pension benefits. See *Webb v. Whitley,* 114 Ga. App. 153 (2) (150 SE2d 261). Dismissal for failure to join a party in general is warranted only when the defect cannot be cured. Wright & Miller, Federal Practice and Procedure: Civil § 1359. The defect here can be cured and joinder of the City of Atlanta is feasible. The appellee relies upon several cases which concern certiorari situations. These cases are not in point as the lower court certiorari method of appeal is not applicable as this is not an appeal from an inferior judicial or quasi-judicial body but from a purely ministerial or administrative body. *City of Macon v. Herrington,* 198 Ga. 576 (3) (32 SE2d 517). It is not clear from the trial court's order of dismissal that it expressly dismissed the petition on the ground of a failure to join the City of Atlanta as a party. But even if it did, the Supreme Court decision in *Smith v. Merchants & Farmers Bank,* 226 Ga. 715 (3) (177 SE2d 249) would not require a different result as that case was decided prior to the 1972 amendments to the Civil Practice Act. The trial judge erred in granting the motion to dismiss.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED MAY 6, 1974 — DECIDED SEPTEMBER 17, 1974 — REHEARING DENIED OCTOBER 17, 1974 — ▮▮▮▮▮▮▮▮

*Daniel F. Byrne,* for appellant.
*Henry L. Bowden, Ferrin Y. Mathews,* for appellee.