## 50243. CANTRELL v. BOARD OF TRUSTEES OF THE EMPLOYEES' RETIREMENT SYSTEM OF GEORGIA.

STOLZ, Judge.

The judgment of the Fulton Superior Court and that of the Board of Trustees of the Employees' Retirement System of Georgia, must be affirmed. The case is a most difficult one, involving a conscientious employee who desires to continue to work rather than being

involuntarily retired due to disability, as thought best by his employer. In an age when so many able-bodied persons seem to prefer not to work if money can be had any other way, cases such as this impose difficult and unpleasant responsibilities upon those required to apply the rules of law. The resolution of this case turns on a matter of law. The factual issue has already been determined by the Board of Trustees of the Employees' Retirement System of Georgia. This court cannot substitute its judgment for theirs on questions and issues of fact.

1. It is urged that *Cantrell v. State of Ga.* 129 Ga. App. 465 (2) (200 SE2d 163), aff. 231 Ga. 704 (203 SE2d 493), established the law of the case for the case before us. We disagree; the present case is not the same case as that presented in *Cantrell,* supra. In the prior case, Cantrell sought relief through the State Personnel Board from a decision by the Board of Trustees of the Retirement System that he was disabled. This court ruled that Mr. Cantrell was improperly retired because he was not given a personal physical examination. *The Board of Trustees of the Employees' Retirement System of Georgia was not a party to that case.* Following the decision in *Cantrell,* supra, Mr. Cantrell was reinstated to his job, paid back wages, *and then this case began with another application to retire the employee,* this time using the guidelines from the first case that he be given a personal examination. The "law of the case rule" can only apply to the *same case* and *is not applicable in the* case *sub judice.* See *Northwestern Mut. Life Ins. Co. v. Suttles,* 201 Ga. 84, 97 (38 SE2d 786) and cits.

Moreover, we disapprove the language of the first sentence in Division 2 of Mr. Cantrell's first appeal to the court (*Cantrell v. State,* 129 Ga. App. 465, 467, supra) to the effect that, "Plaintiff could have appealed from the State Retirement Board's adverse ruling by certiorari to the superior court . . ." This statement is pure dictum. The "State Retirement Board" was not a party to that case. Further, the dictum quoted is erroneous, as will be shown in Division 2 hereof. The cases cited in support of the dictum do not support the statement made. *Scott v. Undercofler,* 108 Ga. App. 460 (133 SE2d 444), *Schaefer v. Clark,* 112 Ga. App. 806 (146 SE2d 318) and *Gunther v.*

*Gillis,* 114 Ga. App. 54 (150 SE2d 309), all involve writs of certiorari from the State Personnel Board to the superior court involving the discharge of an employee. The State Personnel Board and the Board of Trustees are not the same. See Code Ann. § 40-3509 (Ga. L. 1972, pp. 1015, 1024) (State Personnel Board); Code Ann. § 40-3507 (Ga. L. 1972, pp. 1015, 1023) (Employees' Retirement System). The State Personnel Board is *specifically excluded* from the Administrative Procedure Act (Code Ann. § 3A-102 (a); Ga. L. 1964, pp. 338, 340; 1965, pp. 283, 284-286) while that subsection of the Act defines "agency" as "each State board, bureau, commission, department, activity or officer authorized by law expressly to make rules and regulations *or* to determine contested cases except . . ." Code Ann. § 40-2506 (Ga. L. 1949, pp. 138, 150, as amended) defines the general duties, organization and composition of the Board of Trustees of the Employees' Retirement System of Georgia. Code Ann. § 40-2523 (Ga. L. 1953, pp. 323, 324, as amended) gives the board of trustees authority to adopt tables and rates including rules and regulations. Code Ann. § 40-2505 (3) (b) (Ga. L. 1949, pp. 138, 146, as amended) provides for disability retirement of an employee in application to the board of trustees.

The "law of the case" rule is simply inapplicable to the case sub judice.

2. The writ of certiorari to the superior court does not lie from action by the Employees' Retirement System of Georgia. Art. VI, Sec. IV, Par. V of the Constitution of Georgia (Code Ann. § 2-3905) provides that the superior courts "shall have power to correct errors in inferior judicatories by writ of certiorari, which shall only issue on the sanction of the Judge, and said courts, and the judges thereof shall have power to issue writs of mandamus, prohibition, scire facias, and all other writs that may be necessary for carrying their powers fully into effect, and shall have such other powers as are, or may be conferred on them by law."

Based on the foregoing constitutional provision, Code § 19-101 provides, "The writ of certiorari shall lie for the correction of errors committed by justices of the peace, corporation courts or councils, or any inferior judicatory,

exercising judicial powers, including the ordinary, except in cases touching the probate of wills, granting letters testamentary and of administration; . . ."

The question then becomes: Is the Board of Trustees of the Employees' Retirement System of Georgia such a body as referred to in Code § 19-101? We hold that it is not.

"In determining whether or not a proceeding be judicial in character, the question hinges not on whether the parties at interest were in fact given opportunity to be heard, since an officer cannot clothe himself with unauthorized judicial powers by mere voluntary compliance with the forms of judicial procedure, but the test is whether the parties at interest had a right under the law to demand a trial in accordance with judicial procedure.

"If a person or tribunal has the right under proper delegated authority to act in a judicial capacity, the character of such a judicial procedure, when had as prescribed, is not impaired because under the law such tribunal might have had the alternative right to act ex parte without a trial, but refused to exercise such right . . . [Cits.]" *South View Cemetery Assn. v. Hailey,* 199 Ga. 478, 481 (34 SE2d 863).

In *Southeastern Greyhound Lines v. Georgia Public Service Commission,* 181 Ga. 75 (181 SE 834), the Court of Appeals certified a question to the Supreme Court, the essence of which is: Does the writ of certiorari lie from a decision by the Public Service Commission revoking and canceling a certificate of public convenience issued to a motor common carrier because, in the opinion of the commission, the evidence adduced before the commission at a hearing showed that the carrier had abandoned passenger services along the route in question? In resolving this issue and answering the question, the Supreme Court, in a comprehensive opinion, stated: "From the question propounded by the Court of Appeals we understand that the answer sought, as to the applicability of the writ, is as to a proceeding wherein the Public-Service Commission has revoked a certificate of public convenience and necessity because, *in the opinion of the commission,* a motor common carrier has abandoned passenger service along a certain highway. If, therefore,

in the hearing, pursuant to which the certificate was revoked, the commission was 'exercising judicial powers,' it would seem that it would lie. But if the Public-Service Commission, in the circumstances suggested, was not exercising judicial powers, certiorari would not lie to review the finding of the commission. 'The writ of certiorari lies to correct errors or restrain excesses of jurisdiction of inferior courts and officers acting judicially only. It will, therefore, not be issued to officers whose functions and duties are ministerial, executive, or legislative, and not judicial.' Mechem on Public Offices and Officers, p. 666, § 1001. 'The fact that a public agent exercises judgment or discretion in the performance of his duty does not make his action or his functions judicial.' Id. 668, § 1005. See also *Daniels v. Commissioners,* 147 Ga. 295 (93 SE 887); *City of Atlanta v. Blackman Health Resort,* 153 Ga. 499 (113 SE 545); *Bryant v. Board of Education Colquitt County,* 156 Ga. 688 (119 SE 601). It is well settled that, in determining the nature of the action of public agents, the organic law and the constitutional divisions of authority, legislative, executive, and judicial, must be kept in mind . . . We address ourselves to the applicability of the writ of certiorari. If in a given case the commission should act beyond its powers or capriciously or fraudulently, that is another matter. The courts of equity, as stated in the Degge case, supra, are always open for the redress of wrongs upon a proper occasion, but what we here announce is that we will not by construction broaden the scope of the writ of certiorari, and especially in those circumstances where it is sought to review the finding of a tribunal acting, not in a judicial capacity, but as a proper and lawful medium for safeguarding and protecting what is the paramount object of its creation, the interest and welfare of the public in the use and maintenance of its highways. In such a consideration the benefit to a particular licensee is only incidental, and the certificate is expressly declared by the statute itself to confer no vested right. The investigation by the commission was to determine, in the paramount interest of the public in the use and enjoyment of its highways, whether or not the holder of the certificate had abandoned the passenger service it had promised to operate and

whether its certificate should be revoked. There was no *trial* of the holder of the certificate. The investigation was not, as a *trial* is usually declared to be, in its ordinary and accepted meaning, 'the judicial investigation and determination of issues between parties.' 7 Words and Phrases (3rd Series), 622. No vested right of the holder was being tried. No contest between parties was being heard. Under all of the definitions of judicial power hereinbefore set forth, we construe the revocation of the certificate under the circumstances as not involving the exercise of judicial powers. The grant of the certificate was the exercise of administrative or legislative power, and the revocation of the certificate was the exercise of a power of the same character. Therefore the question certified by the Court of Appeals is answered in the negative." *Southeastern Greyhound,* supra, pp. 76-77, 89-90.

In the case sub judice, there has been no trial of Mr. Cantrell by the Board of Trustees of the Employees' Retirement System of Georgia. The investigation as to Mr. Cantrell's capacity or disability was not a judicial determination of issues between the parties; the employer (Georgia Forestry Commission) was not represented in any way. The fact that the Board of Trustees *allowed* counsel for the employee to be present on behalf of the employee, does not convert a ministerial function into a judicial one. See *South View Cemetery Assn.,* supra, p. 482 (5).

A case most similar in principle to the case before us, is *City of Macon v. Herrington,* 198 Ga. 576 (32 SE2d 517). In *Herrington,* one of the issues was whether the board of trustees of the pension fund for firemen and policemen for the City of Macon, acted in a judicial or quasi-judicial capacity in refusing petitioner's claim to the fund. The Supreme Court held that the action was plainly ministerial and administrative and that the writ of certiorari did not lie for a review of the decision. See *City of Macon v. Herrington,* supra, p. 590 (3) and cits.

Within the past year, this court applied the principle set out in *Herrington,* supra, in *Burkhead v. Trustees, Firemen's Pension Fund,* 133 Ga. App. 41, 43 (209 SE2d 651), when it stated, "The appellee relies upon several

cases which concern certiorari situations. These cases are not in point as the lower court certiorari method of appeal is not applicable as this is not an appeal from an inferior judicial or quasi-judicial body but from a purely ministerial or administrative body." Here we note that in *Burkhead,* the statute upon which the proceeding in that case was based, specifically provides for an appeal to the superior court by either party. See *Burkhead,* supra, p. 42. That factual situation is not present in the case sub judice.

The judgment of the Superior Court of Fulton County decided the case on the merits and dismissed the petition for writ of certiorari (R. 115-118). That judgment was correct. The superior court did not dismiss the petition for certiorari on the grounds stated above. However, that issue was raised (R. 87-88) and argued (R. 89-101) in the superior court. "A judgment right for any reason will be affirmed by the appellate courts." *Hill v. Willis,* 224 Ga. 263, 267 (161 SE2d 281).

*Judgment affirmed. Bell, C. J., Quillian, Webb and Marshall, JJ., concur. Clark, J., concurs specially. Pannell, P. J., Deen, P. J., and Evans, J., dissent.*

ARGUED FEBRUARY 11, 1975 — DECIDED JUNE 23, 1975 — REHEARING DENIED JULY 16, 1975 —

*Harrison & Garner, G. Hughel Harrison,* for appellant.

*Arthur K. Bolton, Attorney General, Eleanor H. Ridley, Staff Assistant Attorney General, Carl C. Jones, Assistant Attorney General,* for appellee.

CLARK, Judge, concurring specially.

Having been the author of the first *Cantrell* opinion, I find myself compelled to express my personal views. This is not solely because of the disagreement between my colleagues as to the impact of that ruling upon the instant appeal. My main motivation arises from a statement on page 7 of the Attorney General's brief on the rehearing motion. That statement reads:"It is respectfully submitted that Judge Clark's statement is not only dictum, but erroneous dictum, which could not possibly

form the basis for 'law of the case'." Being older and wiser, I now recognize the Attorney General's assertion to be correct. I erred.

As is stated in the opening paragraph of that previous opinion reported as *Cantrell v. State of Georgia,* 129 Ga. App. 465, supra, there were then two issues before this court. The first was a question of jurisdiction as between the Board of Trustees of the State Employees' Retirement System and the State Personnel Board. The second question was that matter of medical procedure. The Supreme Court granted certiorari. In its affirmance (231 Ga. 704 (203 SE2d 493)) that tribunal limited its decision to the jurisdiction issue. Since the stated two issues constituted the ratio decidendi, those were the sole matters that should be regarded as "the law of the case." Accordingly, I agree with the determination by Judge Stolz on this point.

Having further pursued the problem because of the Attorney General's declaration that I erred in writing as a dictum that the employee could have used certiorari, I confess mea culpa. The correct legal proposition on this is contained in the foregoing opinion by Judge Stolz.

DEEN, Presiding Judge, dissenting.

I fully concur in all the legal reasoning and conclusions of Judge Evans' dissent. However, as the writer of the original opinion in this case (in which there was unanimous agreement that a reversal in favor of the employee was demanded on the merits) I am distressed to find the case now being tossed out or dismissed on a technicality which I feel to be patently in error on two counts. First, certiorari is a proper remedy. Secondly, even if it were not we have no power to change the law of this case as established by this court on its former appearance.

*Law of the Case.* Let us first get straight the fact that in our case number 50243 as in our former case number 48132 we have one employee (Cantrell), one employer (State Forestry Commission), one complaint (involuntary retirement by employer) stemming from one cause (incapacity alleged to have occurred in 1972 as a result of prior operation for removal of a brain tumor).

In the first case (our 129 Ga. App. 465), affirmed with opinion by the Supreme Court (231 Ga. 704), the reversal was predicated on incorrect procedures by the Medical Board to which the Retirement System referred the case. In this present appeal, our original opinion, now vacated, again predicated reversal on incorrect procedures by the Medical Board to which Cantrell's case was again returned by the Retirement System for another examination based on the same disability. We cannot therefore in good conscience say that this is not the same litigation. Any methodological distinctions have been added by courts and lawyers, not by the parties and the facts.

In case no. 48132 Cantrell appealed from the Retirement Board decision to the Personnel Board. The employer traveled by certiorari from the Personnel Board to the Superior Court, contending, among other things, that the employee should have gone direct instead of through the Personnel Board. This court held: *"Plaintiff could have appealed from the State Retirement Board's adverse ruling by certiorari to the superior court."*

In the second round of this fight, the employee has done just this.

"Any ruling *by . . . the Court of Appeals . . .* shall be binding in all subsequent proceedings in that case. . . *in the Court of Appeals."* Code Ann. § 81A-160 (h).

*Certiorari.* Certiorari is a constitutional remedy in all cases where no other remedy exists for appeal from, among other things, decisions where property rights are being decided. It cannot be invoked where the ruling is merely ministerial or procedural. The decision, based on a hearing, reference to Medical Board, and further findings, which deprives an employee of earned tenure within the state system is a quasi-judicial decision involving a property right. No method of appeal, either administrative or judicial, is provided by statute; therefore, certiorari is the proper remedy.

"Inferior judicatory" as used in the constitutional grant of certiorari (Code Ann. § 2-3905) does not mean *simply* a lower court. For example, in *Cunningham v. U. S. Savings &c. Co.,* 109 Ga. 616, 618 (34 SE 1024) it was clearly pointed out that it refers to any arm of the state in

the exercise of the functions of judging and deciding rights. There the decision of the ordinary refusing to grant a homestead exemption was held properly taken up by certiorari. The Supreme Court pointed out that from the *court of ordinary,* which is a court, a statutory method of appeal exists, but from decisions of the *ordinary* as a public officer no appeal is granted, and therefore certiorari obtains. "[The ordinary] certainly acts in a judicial capacity when he passes upon applications for homestead; but he is no more a judicial officer in that case than the sheriff would have been, had the legislature conferred power upon that officer to determine the same questions with reference to homesteads." Thus even a decision of a sheriff, if by statute empowered to decide questions of rights and duties based on factual issues, is amenable to certiorari. The question is not the *name* of the officer or board, but whether it has power to determine rights, duties and status under existing law.

Here, the legislature gave to the Board of Trustees of the State Retirement System the quasi-judicial power in the first instance to determine disputes between employees of the state and employing subdivisions of the state regarding disability and retirement, and the retirement system has a medical board set up for the purpose of making factual determinations on which its decisions are based. No statutory form of appeal from such decisions, which involve the termination of vested rights and compensation therefor, exists. For this reason certiorari is *always* a proper remedy, whether or not administrative review by another state administrative board is also construed to be permissible.

"The chief distinction between a legislative and judicial function is that the former sets up rights or inhibitions, usually general in character; while the latter interprets, applies, and enforces existing law as related to subsequent acts of persons amenable thereto. . . [T]he basic distinction between administrative and judicial acts is that in the former case the law has prescribed and defined the duty to be performed with such precision and certainty as to leave no room for the exercise of judgment or discretion; whereas in the latter case the act to be done does involve the exercise of judgment or discretion."

*South View Cemetery Assn. v. Hailey,* 199 Ga. 478, 480 (34 SE2d 863). In cases of involuntary retirement, the action of the Retirement System based on examination and discretionary rulings of its Medical Board, and disposing of vested rights of the employee in job status, do not involve the mere performance of a duty without exercise of judgment or discretion, but by their very nature involve fact finding, discretionary conclusions, and disposition of property rights. The proof of this is that on the prior appeal from exactly the same procedure this court and the Supreme Court found that this employee had been deprived of his employment rights in an incorrect manner because of the failure of the Retirement System to base its findings on the type of Medical Board findings (after actual physical examination) to which he was entitled. Obviously, then, the duty is *not* performed "with such precision and certainty as to leave no room for the exercise of judgment or discretion."

This is precisely the test as to whether certiorari will or will not lie.

It should further be noted that the statutes nowhere explicitly require that the losing party move from the retirement system to the personnel board, and on the former appearance of this case we merely said that such party, at his election, might pursue this additional administrative forum before applying for certiorari if he desired. But the personnel board was acting in an intermediate *appellate* capacity, and the issue we were fundamentally deciding was a decision of the *retirement system,* although to get to it we had, of course, to consider the decisions of both the personnel board on appeal and the superior court on certiorari, both of which latter were also directed to the original decision of the retirement system in the dispute between Cantrell and the Forestry Service.

The fact that we decided and reversed the case proves that we were dealing with a quasi-judicial decision in the first instance, one made by the retirement system settling the dispute between employer and employee. The personnel board did not *hear the issue;* it only reversed the retirement system's decision. This court said certiorari to review the case might be had from the personnel board's

decision if the case had been appealed to the personnel board, or certiorari would lie from the retirement system's decision if the movant chose this method of review.

Our original decision was correct in so holding. But *if* it was not, there is no way of changing it now.

I am authorized to state that Presiding Judge Pannell and Judge Evans concur in this dissent.

EVANS, Judge, dissenting.

This case has taken some strange twists, turns, contortions and convolutions. I feel that explanation of some of these meanderings is in order.

Cantrell is an employee of the State Forestry Commission. The State of Georgia, through certain of its agencies, is seeking to force his involuntary retirement on the ground that he is not able properly to perform the duties of a forest ranger. But Cantrell does not wish to become a charge or ward of the state, as a pensioner, and stoutly maintains that he is able to render proper and acceptable service as a forest ranger, and thereby earn his keep.

The lower court upheld the state's contentions that Cantrell should be made to involuntarily retire, and the case was appealed to this court and was assigned to the Third Division. After argument, the Third Division, unanimously agreed to reverse the lower court.

The state then filed its motion for rehearing which Presiding Judge Deen and Judge Evans voted to deny, but in the last week of the term Judge Stolz voted to *grant*. It was too late then to try to reach agreement among the three judges of the Third Division, and our original judgment had to be vacated in order to preserve jurisdiction and legally carry the case over until the next term of court. Cantrell used certiorari to bring to the superior court the question of review of the adverse decision by the state agency. Now, the Attorney General, and certain members of this court, are saying that *certiorari was not an available remedy* for bringing the case to the superior court—and in effect this would mean that he had *no remedy* and that the adverse decision by the state agency *was final,* and *could never be reviewed.*

It is difficult to conceive of a more gross injustice

perpetrated by the State of Georgia upon one of its citizens than is being attempted in this case. This same case, with the same plaintiff, and the same defendant, and the same issue, was decided prior hereto in the case of *Cantrell v. State of Ga.,* 129 Ga. App. 465 (200 SE2d 163), and affirmed in *State of Ga. v. Cantrell,* 231 Ga. 704 (203 SE2d 493), *and there the law of this case was established,* in the following language to wit: "Plaintiff could have appealed from the State Retirement Board's adverse ruling *by certiorari* to the superior court . . ." See page 467 (2), *Cantrell v. State,* 129 Ga. App. 465, supra. (Emphasis supplied.)

We recognize that a full-bench (and only a full-bench) of the Supreme Court can overrule the decision in *State v. Cantrell,* 231 Ga. 704, supra, which would in effect overrule *Cantrell v. State,* 129 Ga. App. 465, supra. But there is no authority on earth that can repeal or undo the "law of the case" as established by the Supreme Court as to a former trial by the same litigants on the same question. In *Turner v. Davidson,* 188 Ga. 736, 738 (1) (4 SE2d 814), it is held: "It is well settled that a former decision of this court in the same case becomes the law of that case, and can not thereafter, upon a subsequent appeal, be modified or overruled. *Rawlins v. State,* 126 Ga. 96 (54 SE 924); *Allen v. Schweigert,* 113 Ga. 69 (38 SE 397); *Western & Atlantic R. Co. v. Third National Bank,* 125 Ga. 489 (54 SE 621); *Southern Bell Tel. Co. v. Glawson,* 140 Ga. 507 (79 SE 136), and cit." *Dixon v. Federal Farm Mortgage Corporation,* 187 Ga. 660, 661 (1 SE2d 732).

The *Turner* case was a full-bench decision. Thus, both the Court of Appeals and the Supreme Court have told Cantrell *in this very same case* that certiorari is an available remedy.

Now, will the Court of Appeals be allowed to say that Cantrell must suffer because he did exactly what he was told by this court and the Supreme Court to do, that is, bring the case to superior court *by certiorari?*

The former appeal, the Attorney General argued, and Judge Clark agreed with him (Presiding Judge Hall, now Justice Hall and Judge Evans, concurred), that a direct attack on the decision of the retirement system

*based on findings of the medical board* could be directly attacked. The only method for such an attack is, of course, certiorari. The only place where Judge Clark did not agree with the Attorney General was in his decision that Cantrell had a choice, and he could either directly attack the finding of the retirement system by certiorari or he could take his case one more step up the administrative flight of stairs and have a hearing before the Personnel Board. The personnel board sided with Cantrell on the medical question, and the State Forestry Service then sued out certiorari on *that* decision to the superior court, not in its own name, by the way, but as the "State of Georgia, acting by and through the State Forestry Commission." See *Cantrell v. State,* 129 Ga. App. 465, supra.

The Attorney General in that case vociferously contended that the State Personnel Board was without jurisdiction to review the issues presented by the medical report and disability rating of the Retirement System. Again quoting from page 9 of the Attorney General's brief: "The Employee, quite simply, brought his grievance to the wrong forum—a forum not authorized to hear and rule upon his contention." And at page 10 he continues: "The hearing in the superior court on the writ of certiorari could give this controversy no greater jurisdiction than the lower tribunal had. The case came to the superior court with the same lack of jurisdiction that obtained before the Personnel Board." Again, at pages 13, and 14 of the Attorney General's brief, he complains that the employee appealed to the personnnel board "a medical finding of the State Employees' Retirement System's Medical Board," and that allowing him to do so (instead of appealing from the Retirement Board's decision) "has opened the proverbial Pandora's Box."

Well, the Court of Appeals and the Supreme Court finally held that there was jurisdiction, and, more importantly, that the medical board report on which the retirement system based its disability rating was void.

This clearly meant that the "State of Georgia acting by and through the State Forestry Commission" had to "go back and hang the man right," which it immediately tried to do. The medical board had another examination

and made another report. The retirement system again found a disability based thereon and the forestry service again fired Cantrell. Since this court had already unanimously told Cantrell he need not go through the Personnel Board ("Plaintiff could have appealed from the State Retirement Board's adverse ruling by certiorari to the superior court for a determination of his contention" that the medical board had not acted properly), Cantrell's attorney took this court at our word, and took the Attorney General at his word, and certioraried the case to the superior court.

Then Pandora's Box really did fly open. The Attorney General loudly protested that there could be no such thing as a certiorari from a ruling of the retirement board, even if the Court of Appeals had said there could be, — the statement was dicta and if the plaintiff was misled by it, that was just too bad for Cantrell. But can the Attorney General be allowed to change his mind (having failed on the first appeal to establish his contention that the appeal should be from the ruling of the retirement board rather than via a hearing by the personnel board) and Judge Clark be allowed to change his mind and say the Attorney General has shown him the error of his ways, and can Judge Stolz change his mind four days before the end of the term, all to the hurt or ruination of Cantrell? Can the Court of Appeals withdraw the remedy which it solemnly pronounced was available to Cantrell?

The original statement was not dictum, whatever else it might have been. The exact and precise question before this court on the first appeal was whether Cantrell had a right to certiorari from an appeal to the Personnel Board or whether he should certiorari directly from the pronouncement of the retirement system. The Attorney General there contended that the latter method was the only way; and the Court of Appeals decided this issue in his favor by agreeing that such course might be followed. But we also decided in favor of Cantrell that the appeal to the personnel board from the finding of the retirement system did not deprive the superior court of jurisdiction. This is absolutely not dictum! This was *a flat construction of the law in the very same transaction we had before* — an appeal from a disability discharge of

appellant by the State Forestry Commission based on a finding of the State Retirement System pursuant to a report of its medical board. Of course there were two examinations. The former appeal held the first examination deficient. This appeal shows the second examination to be deficient. But the man is the same, the employer is the same, and the action of the State Retirement System is the same, based on the same alleged physical disability.

Under Code Ann. § 81A-160(h) "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." See also *Medlock v. Allison,* 224 Ga. 648 (1) (164 SE2d 112).

In my opinion the first decision on the question of appellate review was sound. But that is completely immaterial at this point. *This* plaintiff in *this* case has the right to certiorari as he did, *under express directions so to do from this Court of Appeals,* and we can no more violate the statute and our solemn judgments than we can eat again yesterday's dinner. The Attorney General's reversal of position on the question of certiorari should be brought to a sudden and definite halt. For this court to follow his lead is both indefensible and illegal.

For the foregoing reasons, I dissent.