## STATHAM *v.* THE STATE.

The evidence being sufficient to connect the defendant with the offence charged against him, and the alleged newly discovered evidence being that of persons who participated in the offence, but who swore that he did not, and no sufficient reason being shown why they did not testify on the trial, it was not error to refuse to grant the defendant a new trial upon the ground of such newly discovered evidence.

December 20, 1890.

New trial. Newly discovered evidence. Before Judge HUTCHINS. Jackson superior court. February term, 1890.

Reported in the decision.

W. I. PIKE and J. B. ESTES, for plaintiff in error.

R. B. RUSSELL, solicitor-general, *contra.*

BLANDFORD, Justice.

This case was here at the October term, 1889, and will be found reported in 84 *Ga.* 17, the judgment of the court below in refusing to grant a new trial being affirmed by this court. Afterwards, at the February term, 1890, of Jackson superior court, M. J. C. Statham and Joe Statham made a second motion for a new trial upon the following grounds: (1) That Frank Robertson has made certain disclosures and confessions of which these two defendants had no knowledge before the February term, 1889, of Jackson superior court, and they did not know they could prove such facts by said Robertson. (2) Archer, in August, 1889, made known to these defendants facts which are detailed in

Archer's affidavit appended to this motion. (3) Frank Martin, who was not indicted with these defendants, has, within the last few weeks, made known to them the facts stated in his affidavit attached. In support of this motion movants produced the affidavits of Frank Robertson, Archer, and James Martin, tending to show the following: Martin was not jointly indicted with the other defendants, but was indicted subsequently for the same offence, and pleaded guilty; these affiants were all present and participated in the whipping and mal-treatment of Shellnut, and knew all the parties who were present and took part; these parties met at Tucker's house, as they had agreed to do, and pro-ceeded to the house of Shellnut and took him out and hung him and then whipped him ; neither of the Stat-hams nor Andrew Martin were present, nor did they know that Shellnut was to be taken out or whipped, or that a plot or agreement had been made to take him out or whip him, or do anything else with him ; it was part of the agreement of the conspirators that nothing should be said or done that would notify the Stathams or Andrew Martin or cause them to suspect that the conspirators were going to do anything to him; the conspirators were Tucker, Robertson, Archer, Arnold, and Frank Martin, and before they went to Shellnut's house they disguised themselves so that they would not be known, and after their disguises were put on, they themselves could not tell who each one was; their disguises were not removed until after they had whipped Shellnut and carried him to Statham's and separated, etc. These and some other facts stated in the affidavits were read in support of the motion. The court refused to grant a new trial as to M. J. C. Stat-ham, and this ruling was excepted to. We think the court did right in refusing to grant the motion for a new trial, the evidence in the record being sufficient to

connect Statham with the offence charged against him, and these witnesses all being *particeps criminis* and no sufficient reason being shown why they did not testify on the former trial of this case. The judgment of the court below in refusing to grant a new trial is therefore

*Affirmed.*