## 30760. EDWARDS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted of the murder of his wife and sentenced to life imprisonment on May 14, 1975. A coindictee, Jill Claude Shaw, was not tried with appellant and entered a plea of guilty on October 27, 1975. Appellant complains of the trial court's denial of his motion for a directed verdict, denial of his motion for new trial on the general grounds, denial of his extraordinary motion for new trial, and certain errors in the trial. *Held:*

1. The trial court did not err in denying the motions for directed verdict and new trial. Although the appellant was not present at the murder, he confessed that he and the coindictee had planned it. There was ample other evidence to prove the corpus delicti and to connect the appellant with the crime. *Lowe v. State,* 225 Ga. 56 (165 SE2d 861) (1969).

2. The denial of appellant's extraordinary motion for new trial on the ground that the coindictee in entering her plea of guilty in open court testified on oath that no one else was involved in the crime was not error. *Bryant v. State,* 197 Ga. 641, 656 (30 SE2d 259) (1944).

3. Appellant's complaint that jurors conscientiously opposed to capital punishment should not have been excused for this reason is without merit. The jurors were excused because they stated they would not impose a

death penalty under any circumstances. *Pass v. State,* 227 Ga. 730, 736 (10) (182 SE2d 779) (1971).

4. The evidence supports the finding that appellant was given Miranda warnings and waived them both orally and in writing.

5. Appellant contends his confession was inadmissible because it was procured by telling him it was the only way he would be permitted to attend his wife's funeral. See Code § 38-411. This was denied by the officer receiving the statement. The officer testified that after the confession was received there was some discussion with the appellant and his father concerning permission to attend the funeral. He told them it was contrary to the rules but he would check with his superiors. We find no error. The confession was prima facie freely and voluntarily made and was admissible in evidence. *Moore v. State,* 221 Ga. 636 (3) (146 SE2d 895) (1966).

6. Appellant complains that a statement of the trial court was prejudicial error. There was no error. This statement was made to the attorneys out of the presence of the jury when ruling on whether to charge on confession. Also, it is taken out of context. The entire statement was, "I am going to charge on confession. The document itself will not go with the jury, but, as far as being referred to as a confession I have no other definition of it. 'I planned the murder with Jill and wanted her to do it, but in reality I had mixed emotions whether Jill would really go through with the murder.' If that is not conspiracy to murder, and murder, I don't know what is."

7. Appellant complains that the district attorney in arguing to the jury expressed an opinion that the defendant was guilty. If this was error it was promptly corrected by the trial judge by instructing the jury to disregard the statement and by admonishing the district attorney. We find no error.

8. The record shows the appellant was capably represented by competent counsel.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

SUBMITTED JANUARY 29, 1976 — DECIDED MARCH 11, 1976.

Paul Duane Edwards, *pro se. Edward Land,* for appellant.

*Richard Bell, District Attorney, Calvin A. Leipold, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Thomas Davis, Sr., Assistant Attorney General,* for appellee.