## 32058. PHILLIPS v. THE STATE.

INGRAM, Justice.

Bobby Phillips was a co-defendant in a trial with Jerry Painter and Dennis "Hog" Dale in Franklin Superior Court for armed robbery, motor vehicle theft, and aggravated assault. Painter and Dale were convicted but a mistrial resulted for appellant. At his second trial the jury found him guilty and a total sentence of 37 years was imposed. Appellant cites 10 enumerations of error for

our consideration in this appeal.

The facts underlying the crimes involved here are set out in *Painter v. State,* 237 Ga. 30 (226 SE2d 578) (1976). The state contended that appellant was directly involved in the planning and execution of the crimes and was the driver of the get-away car which left the scene of the crimes during their commission. At the first trial the state introduced the testimony of one Roy Martin to the effect that appellant had planned the crimes with Painter and Dale. In the second trial the state introduced as additional evidence the testimony of Painter's wife who testified that appellant was directly involved with the crimes.

Appellant first cites as error two rulings by the trial court in his first trial: denial of a motion for a directed verdict of acquittal; and, denial of a motion for a judgment of acquittal notwithstanding the mistrial. The gravamen of these motions was that, as a matter of law, the circumstantial evidence consisting of the testimony of Roy Martin was insufficient to support a conviction because it was uncorroborated. We disagree. A directed verdict of acquittal is required only "where there is no conflict in the evidence." Code Ann. § 27-1802 (Rev. 1972). Martin's testimony was sufficient under Code Ann. §§ 26-801 and 26-802 (Rev. 1972), to present a jury issue. This enumeration of error is without merit.

Appellant also claims it was error for the trial court to refuse to direct a verdict of acquittal in the second trial. His ground for this assertion is that the evidence presented by the state did not exclude every other reasonable hypothesis save that of guilt. However, the testimony of Roy Martin and Mrs. Painter provided a sufficient basis to deny the appellant's motion. Cf. *Cunningham v. State,* 235 Ga. 126 (218 SE2d 854) (1975). This enumeration of error is also without merit.

It is also urged in this appeal that the trial court erred in declaring a mistrial, over defense objection, at the first trial and, therefore, the trial court erroneously overruled his plea of former jeopardy at the second trial. We find no merit in this argument. A retrial after a mistrial caused by the failure of the jury to reach a verdict does not constitute double jeopardy under the doctrine of "manifest necessity" as enunciated in United States v.

Perez, 22 U. S. (9 Wheat.) 579 (1824). And see *Orvis v. State,* 237 Ga. 6, 8 (226 SE2d 570) (1976); and, Code Ann. § 26-507 (e) (2) (c) (Rev. 1972). Of course, the basic question posed by appellant is whether the circumstances under which the trial court declared the mistrial constituted manifest necessity. Specifically, appellant argues that the declaration of a mistrial was error because the jury had deliberated only two hours and fifteen minutes.

The record in the first trial indicates that the jury began its deliberations at 4:00 p.m. At 6:15 p.m. verdicts of guilty were returned against appellant's co-defendants. The colloquy between the trial judge and the jury foreman indicated that the jury was deadlocked as to the appellant: "The Court: Mr. Foreman, has the jury reached unanimous verdicts in these cases? The Foreman: On two of the defendants and we are hung up on one. The Court: Do you feel that you are helplessly deadlocked as to the one? The Foreman: We have just completed discussing and voting on it and everybody has stated that their vote is final, and I honestly think they are."

Subsequent questioning of the jury by the trial judge revealed that the jury was deadlocked ten to two. At this point the trial judge was between Scylla and Charybdis: should he declare a mistrial or attempt to force a verdict? Under the circumstances of this case, considering the unequivocal answer of the jury foreman, we do not think the mistrial was erroneously declared. The decisive factor is not the length of deliberation but the inability of the jury to agree on a verdict. Cf. *Harwell v. State,* 230 Ga. 480, 481 (2) (197 SE2d 708) (1973); *Lovett v. State,* 80 Ga. 255, 256 (1) (4 SE 912) (1877). We find no error.

In another enumeration appellant complains that it was error for the trial court to admit testimony concerning his conversation with a Georgia Bureau of Investigation agent after his arrest. The contention is that the admission of this testimony violated appellant's constitutional right to remain silent and that cross examination on this testimony violated the prohibitions of Doyle v. Ohio, —— U. S. —— (96 SC 2240, 49 LE2d 91) (1976). We do not agree.

The testimony of the police officers in both trials indicates that prior to his questioning appellant was

given Miranda warnings. After he was informed of his rights verbally, appellant was given a printed waiver form which enumerated all of his rights with particularity and contained an explicit waiver of those rights. Appellant signed and dated the form. The GBI agent and two other officers signed as witnesses. At this point—and not before—questioning commenced. During questioning appellant was asked if he had ever been to the home of the victims. He replied that he would neither confirm nor deny that he had been there.

Appellant contends that this is a "non-statement constituting silence" and that admitting this testimony into evidence and subjecting appellant to cross examination violated his rights. We first note that Doyle, supra, is not applicable because there the defendant was cross examined on his post-arrest silence. Here, appellant was cross examined on a statement made *after* he had waived his Miranda rights. Further, we note that a Jackson v. Denno hearing was conducted at the first trial, was specifically waived at the second, and that in both trials the judge found that the waiver was freely and knowingly given. Under these circumstances we are unable to equate appellant's statement with silence. This enumeration is without merit.

Appellant also cites as error the failure of the trial court to conduct an in camera inspection of the state's files pursuant to a Brady motion. This enumeration is unfounded because the record clearly shows that such an inspection was made.

The failure of the trial court to charge the jury, without request, on the law applicable to the uncorroborated testimony of an accomplice is also urged as error. Even if we accept appellant's contention that the witness involved (Roy Martin) was, in fact, an unindicted accomplice, a charge on corroboration was not required as a matter of law. Mrs. Painter's testimony was sufficient corroboration. Cf. *Brown v. State,* 232 Ga. 838, 840 (209 SE2d 180) (1974). Thus, the failure to charge, absent a request, was not error. See *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859) (1975). In still another enumeration of error appellant argues that a mistrial was required because of the improper closing argument of the

prosecutor. This enumeration is without merit as the trial court immediately instructed the jury to disregard the statements. This cured any infirmity arising from the argument. Cf. *Edwards v. State,* 236 Ga. 486, 487 (7) (224 SE2d 361) (1976).

Finally, appellant argues that it was error not to direct a verdict on the motor vehicle theft charged because that offense merged into the greater offense of armed robbery. This contention has merit, and, for the reasons given in *Painter v. State,* 237 Ga. 30, 34-35, supra, the conviction of motor vehicle theft is vacated.

*Judgment affirmed except as to motor vehicle theft which is vacated. Nichols, C. J., Undercofler, P. J., Jordan, Hall and Hill, JJ., concur.*

SUBMITTED FEBRUARY 25, 1977 — DECIDED APRIL 20, 1977.

*Merritt & Pruitt, Lou Earle,* for appellant.
*Clete D. Johnson, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.