**Paul D. EDWARDS, Plaintiff-Appellant,**

v.

**Phil H. JOYNER, Investigator, DeKalb County Police Dept., Defendant-Appellee.**

No. 77-2723

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 27, 1978.

Rehearing Denied March 1, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM: ·

Paul D. Edwards, a Georgia state prisoner, brought a *pro se* civil rights action under 42 U.S.C. § 1983, alleging that defendant, a police official, had given false testimony at Edwards' murder trial. The district court dismissed the action on March 25, 1977, on the ground that Edwards had failed to show that he had exhausted state remedies.

▮ Notice of appeal was filed on July 11, 1977, well outside the thirty day period specified by Rule 4(a), Fed.R.App.P. This requirement is mandatory and jurisdictional, and absent compliance, the appeal must be dismissed. *Gulf-Tampa Drydock Co. v. Vessel Virginia Trader*, 435 F.2d 150 (5 Cir. 1970).[1]

▮ However, on June 3, 1977, Edwards filed a motion requesting relief from judgment pursuant to Rule 60(b), Fed.R. Civ.P., and the district court denied the motion on June 9. The notice of appeal filed on July 11 was timely in terms of the Rule 60(b) motion [2] and was sufficient to bring denial of that motion—but not the underlying judgment—before this court for review. Rule 60(b) is not a substitute for a proper and timely appeal. *Burnside v. Eastern Airlines, Inc.*, 519 F.2d 1127 (5 Cir. 1975).[3]

▮ Motions under Rule 60(b) are addressed to the sound discretion of the dis-

Paul D. Edwards, pro se.

A. Ed Lane, Jr., Decatur, Ga., for defendant-appellee.

1. Edwards filed a petition for rehearing (motion for new trial) pursuant to Rule 59, Fed.R.Civ.P., on April 18, 1977. Such a motion, *timely filed*, will terminate the running of the 30-day period in which notice of appeal must be filed, and the period will begin to run from denial of the motion. Rule 4(a), Fed.R.App.P. A Rule 59 motion must be presented not later than 10 days after entry of judgment. This time limit is jurisdictional; a district court lacks authority to rule on an appeal. *Martin v. Wainwright*, 469 F.2d 1072 (5 Cir.), *cert. denied*, 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1973). The motion in the instant case was filed some 14 days out of time.

2. The thirtieth day actually fell on July 9, a Saturday. Under Rule 26(a), Fed.R.App.P., the last day of the time period is to be included, "unless it is a Saturday, Sunday or a legal holiday, in which event the period extends to the next day which is not a Saturday, Sunday or a legal holiday." Notice of appeal was filed on Monday, July 11, and was thus timely.

3. Although Edwards seeks review of the judgment, we construe his *pro se* notice of appeal and brief in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and thus conclude that the Rule 60(b) question is properly before us.

trict court, whose ruling will not be disturbed absent a showing of abuse of that discretion. *Hand v. United States*, 441 F.2d 529 (5 Cir. 1971). We find no such abuse in this case. Edwards' § 1983 complaint alleged that a police official had perjured himself at Edwards' murder trial. He also claimed in subsequent pleadings that the duration of police interrogation was coercive, thereby invalidating his confession, and that the state withheld favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). These allegations were not presented to the state court on direct appeal, *Edwards v. State of Georgia*, 236 Ga. 486, 224 S.E.2d 361 (1976), and the record reflects no other state proceedings. A § 1983 action raising issues that go directly to the constitutionality of a prisoner's conviction or confinement is not properly before the federal court until state remedies have been exhausted. *Fulford v. Klein*, 529 F.2d 377 (5 Cir. 1976), aff'd en banc, 550 F.2d 342 (1977).

It is clear, therefore, that the district court did not abuse its discretion in denying the Rule 60(b) motion. That is the only question before us, and we intimate no views as to the merits of Edwards' various claims. The denial of the Rule 60(b) motion is

AFFIRMED.