## 58745. WYNN v. THE STATE.

BIRDSONG, Judge.
Howard Wynn was convicted of two counts of aggravated assault (shooting at another with a pistol) and

sentenced to serve concurrent ten-year sentences. Wynn brings this appeal enumerating two alleged errors. *Held:*

1. In his first enumeration Wynn asserts the insufficiency of the evidence on the general grounds. The facts show without dispute that Wynn entered into an oral dispute with the employees at an automobile service station. The state's witness testified that Wynn appeared drunk and abusive, cursing the employees without cause. Wynn to the contrary asserted that one of the attendants threatened him (Wynn) without cause, and Wynn became apprehensive about his safety. The evidence is also uncontroverted that Wynn fired his pistol four times and in the direction of the two victims, for which the jury returned the findings of guilty of aggravated assault. Immediately after firing his pistol, Wynn fled in his car and was not apprehended until a week or two later.

We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. *Mills v. State,* 137 Ga. App. 305, 306 (223 SE2d 498); *Wren v. State,* 57 Ga. App. 641, 643 (196 SE 146). Where the testimony of the state and that of the appellant is in conflict, the jury is the final arbiter (*Crews v. State,* 133 Ga. App. 764 (213 SE2d 34); *Sims v. State,* 137 Ga. App. 264 (223 SE2d 468)), and after the verdict is approved by the trial court, the evidence must be construed so as to uphold the verdict even where there are discrepancies. *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (173 SE2d 232). Our review of the transcript convinces us that there was sufficient evidence submitted to the jury for its consideration so that the jury as a reasonable trier of fact could rationally have found from that evidence proof of guilt beyond a reasonable doubt. This enumeration lacks merit.

2. In his second enumeration, Wynn alleges that the trial court erred in charging sua sponte upon the legal principle of flight. We disagree. It is uncontested that Wynn fired his pistol four times and, according to the jury, two of those times at other human beings. He then left the scene. Evidence of leaving the scene of a crime after it has been committed where an innocent explanation is given

presents a jury question as to whether the appellant left for the innocent reason or because of a consciousness of guilt, and the court properly so charged. *Holsey v. State,* 235 Ga. 270 (219 SE2d 374). The trial court's comments outside the presence of the jury as to why a charge on flight was appropriate amounted to no more than an observation that such a charge was appropriate. To attribute to the comment an expression of opinion is to take the comment out of context. A statement by the trial court taken out of context and made to attorneys out of the presence of the jury, ordinarily will not constitute error and does not in this case. *Edwards v. State,* 236 Ga. 486, 487 (224 SE2d 361). We find no merit in this enumeration.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 18, 1979 — DECIDED NOVEMBER 21, 1979.

*Vernon S. Pitts, Jr., Michael E. Hancock,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.