## 36496. CARTER v. THE STATE.

NICHOLS, Justice.

This is an appeal from the overruling of appellant's extraordinary motion for new trial. The appellant and his former wife, Pearl Bell, were indicted for murder for poisoning her stepfather. The appellant was tried and convicted of murder and sentenced to life imprisonment. Ms. Bell was allowed to plead guilty to voluntary manslaughter and was given a 10-year probated sentence. The appellant's direct appeal was denied by this court in *Carter v. State,* 227 Ga. 788 (183 SE2d 392) (1971).

The appellant served eight years and was paroled. In an apparent effort to be relieved of his status as a parolee, he filed an extraordinary motion for new trial. In this motion, he relied upon a statement made by Ms. Bell in April, 1979, in which she admits that she was solely responsible for the poisoning of her stepfather.

The trial court overruled appellant's motion, finding that the evidence of Ms. Bell's admission was not newly discovered because appellant had in his possession shortly before or after his trial a similar statement by Ms. Bell. The trial court also found that Ms. Bell's credibility was extremely dubious due to her chronic alcoholism and brain damage caused by a gunshot wound to her head.

The record is replete with instances of Ms. Bell's contradictory statements regarding the murder. The trial judge did not abuse his discretion in overruling appellant's motion. *Kitchens v. State,* 228 Ga. 624 (187 SE2d 268) (1972). Cf. *Austin v. State,* 121 Ga. App. 244 (173 SE2d 452) (1970). This court also agrees with the trial court's finding that the appellant has failed to satisfy the requirements for utilizing newly discovered evidence as a basis for granting his motion

for a new trial. *Bell v. State,* 227 Ga. 800 at 805 (183 SE2d 357) (1971); *Rawlins v. State,* 126 Ga. 96 (54 SE 924) (1906); and *Statham v. State,* 86 Ga. 331 (12 SE 640) (1890). Furthermore, both appellant and Ms. Bell were indicted for the murder. The evidence presented at appellant's trial was sufficient to sustain his conviction despite the participation of Ms. Bell in the murder. *Carter,* supra, at 789-790; *Edwards v. State,* 236 Ga. 486 (224 SE2d 361) (1976).

Appellant also raises two issues concerning the hearing held by the trial court on his extraordinary motion for new trial. He argues in his brief that the trial judge should have disqualified himself because "for reasons unknown to [appellant], the trial court was biased and prejudiced against him." This bias manifested itself, appellant argues, in the trial judge's questioning of witnesses and in the trial judge's final order. A trial judge may question witnesses, even when a jury is present. *Thomas v. State,* 240 Ga. 393 (242 SE2d 1) (1977), cert. denied 436 U. S. 914 (1978). At the hearing the trial judge alone was reviewing the case, and no error was committed when he questioned the witnesses. This court also holds that, although the judge's order indicates his incredulity, no bias against the appellant serves as the basis for the trial judge's decision. In order to be disqualifying the alleged bias "must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U. S. 563, 583 (86 SC 1698, 16 LE2d 778) (1966). The trial judge's order thoroughly reviewed the many inconsistencies in Ms. Bell's statements. The judge's decision was based upon his familiarity with the case and upon evidence produced at the hearing. This evidence was sufficient to support the denial of appellant's motion in view of the applicable legal principles cited above.

Appellant's final argument is that he was denied a fair hearing because the trial judge did not disclose, prior to the hearing, a letter written by Ms. Bell in 1973 to an attorney friend of appellant, who apparently asked another attorney to file a habeas corpus proceeding for appellant in 1974. In the letter Ms. Bell accused her mother of committing the murder for which appellant was convicted. Ms. Bell also stated in the letter that she told appellant and his former attorney that it was her mother who poisoned the victim. The letter was eventually sent to the trial judge in 1975 by one of appellant's friends in an effort to obtain appellant's release from prison. Under these facts, the trial judge did not violate the Brady rule by not disclosing the letter to appellant prior to the hearing. Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), is not applicable to evidence of which a defendant has knowledge. *Baker v.*

*State,* 245 Ga. 657 (266 SE2d 477) (1980). It is likely that appellant knew of the letter and of Ms. Bell's contention that her mother was responsible for the poisoning. In any event, there is no concern under the facts of this case that the letter affected the outcome of the hearing. United States v. Agurs, 427 U. S. 97 (96 SC 2392, 49 LE2d 342) (1976). The trial judge indicated that the letter was "typical of the total evidence in the case," but he did not rely upon it as decisive. In fact, he relied upon seven other inconsistent statements by Ms. Bell in his order. Although appellant's counsel was not apprised of the existence of the letter, this fact did not deny appellant effective assistance of counsel, nor did it result in any materially harmful error which deprived appellant of a fair hearing. There was ample evidence, aside from the letter, upon which the trial judge could base his decision to deny appellant's extraordinary motion for a new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 18, 1980 — DECIDED SEPTEMBER 10, 1980 — REHEARING DENIED SEPTEMBER 16, 1980.

*Gignilliat, Manchel, Johnson & Wiggins, Howard Jay Manchel, Allan L. Galbraith,* for appellant.

*Ben L. Bateman, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.