## S91A1068. JOHNSON v. THE STATE.
(409 SE2d 500)

FLETCHER, Justice.

Phillip Marldo Johnson was indicted for the malice murder of Michael Smialowicz, aggravated assault on Roger Smialowicz, and possession of a firearm during the commission of a felony.[1] At Johnson's first trial, the jury returned a not guilty verdict on the aggravated assault charge. The jury deadlocked on the other two counts, and the judge declared a mistrial. On the day that the retrial was to commence, Johnson filed a motion to dismiss the murder and firearm possession charges on grounds of double jeopardy. The trial court denied this motion, and Johnson appeals the denial. We affirm.

1. Johnson asserts that the recent case of *Grady v. Corbin,* 495 U. S. ____ (110 SC 2084, 109 LE2d 548) (1990), requires a change in Georgia's double jeopardy case law. In *Grady,* the court held that the double jeopardy clause "bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Id. at (110 SC at 2087, 109 LE2d 557).

The *Grady* decision, however, does not apply to the facts in this case.[2] The charged offenses of malice murder of one person and aggravated assault on another do not have identical statutory elements and one is not a lesser included offense of the other. Therefore, there is no double jeopardy violation under the traditional *Blockburger* test. See *Blockburger v. United States,* 284 U. S. 299 (52 SC 180, 76 LE 306) (1932). Nor can we perceive how the conduct the state was required to prove in the malice murder case, which resulted in a conviction for voluntary manslaughter, would be "the same conduct" that consti-

---

[1] The crimes were committed on May 16, 1990, and Johnson was indicted in July 1990. On December 6, 1990, a jury found Johnson not guilty of aggravated assault, and a mistrial was declared on the other counts. A retrial commenced on February 25, 1991, and the jury returned a verdict of guilty of voluntary manslaughter and possession of a firearm during the commission of a felony on February 28. The same day, Johnson was sentenced to 16 years for voluntary manslaughter and three years for firearm possession with the sentences to run concurrently. He filed a notice of appeal on March 29, 1991. The appeal was docketed on May 1, 1991, and the case was submitted for decision without oral argument on June 14, 1991.

[2] Johnson's first trial ended in a mistrial on two counts. A mistrial caused by the jury's failure to reach a verdict does not constitute double jeopardy. *Phillips v. State,* 238 Ga. 632, 633 (235 SE2d 12) (1977); see OCGA § 16-1-8 (e) (2) (C). We find nothing in the *Grady* decision that requires this court to overrule the *Phillips* line of cases.

tuted the offense of aggravated assault on another person for which Johnson was earlier acquitted. Under these circumstances, there could be no double jeopardy under *Grady.*

2. The record on appeal includes no transcript or stipulation of evidence from either the first trial or the retrial. In his notice of appeal, Johnson directed the clerk to "omit the entire trial transcripts from both the first and second trials from this record." Without a transcript to review, this court must assume as a matter of law that the evidence presented at trial supported the court's findings. *Smith v. State,* 160 Ga. App. 26, 27 (285 SE2d 749) (1981).

Following a felony conviction when, as here, the appeal draws in question the evidence at trial, the appellant should state in the notice of appeal that the transcript of evidence is to be transmitted as part of the record. See *Brown v. State,* 223 Ga. 540, 541 (156 SE2d 454) (1967) (when consideration of the enumerated errors depends on the transcript of evidence and proceedings, the court has nothing to review without the transcript). Johnson intentionally did not follow this procedure. Therefore, he provides no support for his allegation that the state established an essential element of murder in the subsequent prosecution by proving the same conduct for which Johnson had already been prosecuted and acquitted in the first trial. Having no evidence that supports Johnson's contention of double jeopardy, we affirm the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1991 —
RECONSIDERATION DENIED NOVEMBER 15, 1991.

*Michael Edward Bergin, H. Clay Collins,* for appellant.
*Robert E. Wilson, District Attorney, Gregory A. Adams, Barbara B. Conroy, Assistant District Attorneys,* for appellee.