# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10554
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2019

Lyle W. Cayce
Clerk

ANNETTE M. LALL; CHRISTIANN I. LALL, Heir,

      Plaintiffs - Appellants

v.

BANK OF NEW YORK MELLON, as successor trustee to JPMorgan Chase
Bank, N.A., as Trustee for Certificateholders of Bear Stearns Asset Backed
Securities Trust 2006-2, Asset Backed Certificates, Series 2006-2  formerly
known as Bank of New York; SELECT PORTFOLIO SERVICING,
INCORPORATED; EMC MORTGAGE, L.L.C., formerly known as EMC
Mortgage Corporation; JPMORGAN CHASE BANK, N.A.,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-498

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

      This is the latest in a series of suits filed by the plaintiffs challenging the
foreclosure of their home.  Like in an earlier suit, the plaintiffs again argue
that, because of alleged problems with the chain of assignments of the note

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-10554

securing the loan, the defendants[1] lack standing to foreclose. As discussed below, we conclude that the plaintiffs' claims in this suit are barred by the doctrine of res judicata. We therefore AFFIRM.

I.

Annette Lall first brought suit in Texas state court in 2013. Defendants removed the suit to the Northern District of Texas. The court found that there was an unbroken chain of assignments of the note; granted summary judgment in favor of BNYM, EMC, and JPMC; granted the motion to dismiss filed by SPS; and dismissed all of Lall's claims and causes of action with prejudice.[2]

The next suit challenging the defendants' authority to foreclose was filed by Annette and Christiann Lall[3] in 2016. The district court granted the defendants' motions to dismiss, finding that res judicata applied and barred re-litigation of plaintiffs' claims, and dismissed the action with prejudice.[4] On appeal, this court rendered a judgment of dismissal for lack of subject-matter jurisdiction.[5]

Finally, the Lalls brought the instant suit in Texas state court in 2018, again challenging the foreclosure. After removal, the district court granted

---

[1] Defendants-appellees are Bank of New York Mellon ("BNYM"), Select Portfolio Servicing, Inc. ("SPS"), EMC Mortgage, LLC ("EMC"), and JPMorgan Chase Bank, N.A. ("JPMC").

[2] *Lall v. Bank of N.Y. Mellon*, No. 3:13-CV-3840-L (BF), 2015 WL 5697480, at *3-4, *9 (N.D. Tex. Sept. 9, 2015); *Lall v. Bank of N.Y. Mellon*, No. 3:13-CV-3840-L, 2015 WL 5723682, at *1 (N.D. Tex. Sept. 28, 2015) (accepting magistrate judge's findings and conclusions as those of the district court and dismissing the action with prejudice).

[3] Christiann Lall appears to assert claims as an heir of Len Lall, the late husband of Annette Lall who mortgaged the property at issue with Annette Lall.

[4] *Lall v. Bank of N.Y.*, No. 3:16-CV-3366-L (BF), 2017 WL 4479944, at *5-6 (N.D. Tex. Apr. 10, 2017); *Lall v. Bank of N.Y.*, No. 3:16-CV-3366-L, slip op. at 1 (N.D. Tex. Oct. 31, 2017) (accepting the magistrate judge's findings and conclusions as those of the district court and dismissing the action with prejudice). The court also found that the plaintiffs failed to state a plausible claim as to their allegation that the statute of limitations barred foreclosure. *Lall*, 2017 WL 4479944, at *3.

[5] *Lall v. Bank of N.Y. Mellon*, No. 17-11343, 2018 WL 2229335, at *1 (5th Cir. Jan. 24, 2018).

2

No. 18-10554

defendants' requests to take judicial notice of filings from the plaintiffs' prior litigation, granted defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismissed the action with prejudice.[6]  The court also denied the plaintiffs leave to amend, noting that:

> Plaintiffs have engaged in repeated attempts to use this Court, the United States Bankruptcy Court, and a Texas state court, to delay or prevent foreclosure of their house and to harass entities playing any role in the financing or foreclosure of the house, even after the legality of that foreclosure was determined by Judge Lindsay.  The undersigned is not inclined to reward Plaintiffs' vexatious efforts by allowing them leave to amend their newest complaint. . . . Plaintiffs' claims are clearly barred and the Court finds that any further amendment would be futile as well as frivolous.[7]

The plaintiffs then moved the district court to alter or amend its judgment pursuant to Rule 59(e), for leave to amend pursuant to Rule 15(a), and, in the alternative, for a new trial.  The district court denied the plaintiffs' motions,[8] and the plaintiffs filed a timely notice of appeal from that order.

---

[6] The court also denied as moot the motion for a more definite statement as to the plaintiffs' foreclosure statute of limitations claim filed by defendants BNYM and SPS.

[7] The court further admonished the plaintiffs and warned them that further attempts to interfere with the foreclosure could result in monetary sanctions under Rule 11, a vexatious litigant filing ban, an order holding them in contempt of court, or some combination of these, stating that:

> This Court has previously dismissed with prejudice Plaintiffs' claims against these same Defendants arising from the foreclosure of Plaintiffs' house. Refusing to accept that judgment, Plaintiffs have continued to file frivolous lawsuits in various courts at the federal and state level over several years. While Plaintiffs have attempted to distinguish these cases from one another by adding different parties, slightly varying their causes of action, or pleading the discovery of "new evidence" or "fraud upon the Court," the Court finds each of these arguments to be without merit . . . .

[8] The district court did not abuse its discretion in denying the plaintiffs' motion, finding that the proposed amended complaint would be futile, and finding that the motion advanced no arguments or theories that were not raised or could not have been raised before entry of judgment.

3

No. 18-10554

II.

As a preliminary matter, we sua sponte address the issue of this court's jurisdiction.[9] The plaintiffs' notice of appeal designates only the district court's order denying their motions under Rules 59(e) and 15(a); it does not designate for appeal the underlying judgment on the merits. Hence, the plaintiffs have arguably failed to lodge an appeal as to the merits judgment. FED. R. APP. P. 3(c)(1)(B). However, in this situation, we have overlooked such "technical" errors and inferred that a party intended to appeal the adverse underlying judgment.[10] Moreover, we liberally construe pro se notices of appeal and briefs.[11] The defendants do not argue that they have been prejudiced or misled by the plaintiffs' mistake, and their briefs filed in this court address the underlying merits judgment.[12] For these reasons, we find that the plaintiffs' omission does not create a jurisdictional defect and that we have jurisdiction to consider the underlying merits judgment.

III.

Turning to the merits, we conclude that the district court did not err[13] in dismissing plaintiffs' claims as barred by res judicata. It is undisputed that the first suit, filed in 2013, meets all of the requirements for res judicata: (1)

---

[9] *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) ("This Court must examine the basis of its jurisdiction, on its own motion, if necessary." (citation omitted)).

[10] *Lockett v. Anderson*, 230 F.3d 695, 700 (5th Cir. 2000); *see also Foman v. Davis*, 371 U.S. 178, 181-82 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

[11] *Edwards v. Joyner*, 566 F.2d 960, 961 n.3 (5th Cir. 1978).

[12] *Foman*, 371 U.S. at 181 (noting that the parties briefed and argued the merits of the earlier judgment on appeal).

[13] We review de novo the district court's grant of defendants' Rule 12(b)(6) motions, applying the same standards as those applied by the district court. *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) (citation omitted).

the parties are identical in both suits; (2) "[a] court of competent jurisdiction rendered the prior judgment"; (3) "[t]here was a final judgment on the merits in the previous decision"; and (4) the plaintiffs raise "the same cause of action or claim in both suits."[14]  Therefore, res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication, . . . not merely those that were adjudicated."[15]

The plaintiffs do not dispute that the 2013 suit meets the requirements of res judicata.  Instead, they argue that res judicata should not apply to bar their claims in the instant suit on two grounds.  First, they argue that newly discovered evidence precludes the res judicata effect of the prior judgment, and second, they argue that fraud was perpetuated on the court in the first suit.

As to the plaintiffs' first argument, they cite no cases from this court for the proposition that newly discovered evidence bars the application of res judicata.  To the contrary, our caselaw indicates that "the proper medium for a challenge to the original . . . order is through a direct challenge of that order," and the plaintiffs' collateral attack in this suit is barred by res judicata.[16]

---

[14] *Howe v. Vaughan (In re Howe)*, 913 F.2d 1138, 1143-44 (5th Cir. 1990) (citations omitted).  While plaintiffs' stated causes of action in the two suits vary slightly, "the critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts."  *Id.* at 1144.  That standard is met in this case, where plaintiffs' arguments in both suits challenge the defendants' authority to foreclose because of the same alleged problems with the chain of assignments of the note.

[15] *Id.* (alteration in original) (quoting *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983) (en banc).

[16] *See Hendrick v. Avent*, 891 F.2d 583, 586-87 (5th Cir. 1990) (concluding that res judicata barred collateral attacks because plaintiff "had the opportunity to effectively litigate his claim," even though he convincingly argued that "he clearly did not know the whole story and serious representations were made"); *see also N.Y. Life Ins. Co. v. Gillispie*, 203 F.3d 384, 388 (5th Cir. 2000) (discussing res judicata in the context of the relitigation exception to the Anti-Injunction Act) ("If the federal court's decision were based on faulty evidence, [plaintiff]'s proper course of action was to invoke Rule 60 of the Federal Rules of Civil Procedure, which allows for the setting aside of a judgment on the basis of newly discovered evidence. Merely filing a new claim in a different forum offends the doctrine of res judicata.").

Moreover, plaintiffs do not explain why they could not have discovered this evidence earlier.[17]

Second, the plaintiffs argue that defendants perpetuated a fraud upon the court in the earlier suit. Their argument appears to be that because newly discovered documents show EMC obtained the loan as a servicer in 2006, an assignment of ownership of the note to EMC in 2004 must have been a forgery. While this court recognizes a narrowly limited independent action to set aside a judgment for fraud on the court, this "embrace[s] only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetuated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."[18] The plaintiffs are required "to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision."[19] Therefore, "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud upon the court."[20] The plaintiffs' argument plainly does not meet this standard, and their fraud on the court argument therefore fails.

---

[17] *See In re Howe*, 913 F.2d at 1147 ("The [appellants] argue that they should be allowed to pursue their claims because, although they may have been aware of the basic facts underlying their claims, they were not aware of the significance of those facts. We find the [appellants'] ignorance an inadequate excuse for their failure to raise their claims in the earlier proceedings. They do not suggest that the facts forming the basis of those claims were undiscoverable until after those proceedings."). Annette Lall claims only that the evidence was found in her late husband Len Lall's belongings and was unknown to her as a result of a marital separation lasting from March 2008 to September 2009.

[18] *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (quoting *Kerwit Med. Prods., Inc. v. N & H Instruments, Inc.*, 616 F.2d 833, 837 (5th Cir. 1980)).

[19] *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (citation omitted) (quoting *Eng. v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960)).

[20] *Id.* (citations omitted) (quoting *United States v. Int'l Tel. & Tel. Corp.*, 349 F. Supp. 22, 29 (D. Conn. 1972)).

No. 18-10554

IV.

Accordingly, the district court did not err in granting the defendants' Rule 12(b)(6) motions. The judgment of the district court is AFFIRMED.