[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13908

Non-Argument Calendar

_____

DAVID J. PERRAS,

Plaintiff-Appellant,

versus

THE COCA-COLA COMPANY OF NORTH AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-01831-MHC

_____

Before WILSON, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

David Perras appeals the district court's denial of his *pro se* motion for relief from the judgment in favor of The Coca-Cola Company on Perras's breach-of-fiduciary-duty claim under the Employment Retirement Income Security Act, 29 U.S.C. § 1032(a)(3). Perras sought relief from the judgment under Federal Rule of Civil Procedure 60(b)(3), arguing that Coke fraudulently represented that he was not entitled to benefits. But in both his notice of appeal and his briefing before this Court, Perras contends that relief from the judgment was warranted under Rule 60(a), which permits relief from a judgment based upon a clerical mistake—specifically, his failure to upload several exhibits into the district court record. Because Perras did not raise that issue in the district court and, in any event, the district court did not abuse its discretion, we affirm.

## I.

Perras stopped working for Coke in 2009, and he began receiving long-term disability benefits. Under Coke's benefits plan in effect at the time, Perras's benefits were due to continue for three years from his termination date. However, according to Perras's complaint, Coke continued providing him benefits until 2016 due to an administrative error.

When Coke finally terminated Perras's benefits, he sued Coke for breaching its fiduciary duty to provide him employment benefits under ERISA. His amended complaint alleged that Coke "breached its fiduciary duty, not by withholding vested benefits, but by engaging in a systematic pattern of misrepresentation and incompetence that caused [him] to believe that his ancillary benefits would be reinstated ultimately."

After the district court granted Coke's motion to dismiss Perras's claim in part, his attorney withdrew. Perras, now proceeding *pro se*, filed a document that the district court construed as a motion to amend his complaint. The document consisted of an introductory statement, a list of the exhibits purportedly included, a summary of the pertinent information contained in each exhibit, and several documents identified as exhibits. Perras entered these documents into the record to demonstrate that Coke had "fraudulently" claimed that his benefits were paid due to an administrative error. The district court concluded that any amendment to Perras's complaint would be futile, so it denied the motion.

After discovery, Coke moved for summary judgment, which the district court granted. The district court entered judgment in Coke's favor, and Perras filed the motions that are the subject of this appeal. In two virtually identical filings, Perras sought relief from the judgment under Rule 60(b)(3). He argued that Coke had committed fraud on the court by claiming that his benefits were continued due to an administrative error when, in fact, he was entitled to the benefits under the terms of Coke's plan. The district

court concluded that Perras had provided "nothing" in support of the fraud allegations, and it denied the motion for relief from the judgment.

Perras filed a timely notice of appeal accompanied by an affidavit that identified the "issues on appeal" as whether he was entitled to "[r]elief from judgment . . . due to clerical mistakes" under Rule 60(a). The affidavit acknowledged that Perras "had previously requested . . . relief under [Rule 60(b)(3)] . . . ." But Perras stated that he had become aware that certain exhibits were erroneously not "uploaded" into the district court's electronic filing system, and these documents "confirmed" his "claim for the reinstatement of [his] retirement benefits."

## II.

We review a district court's order on a Rule 60(b) motion for abuse of discretion. *Willard v. Fairfield S. Co.*, 472 F.3d 817, 821 (11th Cir. 2006). We liberally construe a notice of appeal filed by a *pro se* litigant. *See Edwards v. Joyner*, 566 F.2d 960, 961 n.3 (5th Cir. 1978). But we nevertheless require *pro se* litigants to conform to procedural rules, *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002), including our general rule against considering issues raised for the first time on appeal, *see Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 (11th Cir. 2014).

### III.

Perras contends that the district court should have granted his motion for relief from the judgment based on a clerical error—his own inadvertent omission of certain exhibits. He maintains that the missing exhibits demonstrate that he was entitled to retirement benefits under a separate retirement plan. But as Perras acknowledged in his notice of appeal, he sought relief from the judgment on a different ground before the district court. Because the clerical-mistake issue was not presented to the district court, we decline to address whether the missing exhibits—that are in neither the district court record nor the record on appeal—provided a proper basis for granting Perras's motion. See Cummings, 757 F.3d at 1234.

Even liberally construing Perras's notice of appeal as a challenge the district court's Rule 60 order on the merits, we conclude that the district court did not abuse its discretion. As a reminder, Perras suggested that relief was warranted based on Coke's allegedly fraudulent explanation for continuing his benefits. His motion for relief seemed to suggest that Coke could not have accidentally paid him benefits beyond the three-year period and, if that is true, Coke must have paid the benefits because it was required to. To prove that Coke's explanation for paying the benefits was fraudulent, Perras provided evidence that he began receiving Social Security benefits and Medicare coverage during the three-year period. But as the district court explained, Perras's evidence demonstrated only that he might have been receiving Social Security and Medicare benefits in addition to the benefits Coke provided. That

apparent windfall does not suggest that Coke's explanation was fraudulent, or that Coke's explanation prevented Perras from fully presenting his case. *See Cox Nuclear Pharmacy, Inc. v. CTI, Inc.,* 478 F.3d 1303, 1314 (11th Cir. 2007) (holding that for fraud to entitle a moving party to relief under Rule 60(b)(3), "the moving party must show that the conduct prevented the losing party from fully and fairly presenting his case or defense" (cleaned up)).

## IV.

The district court is **AFFIRMED.**